IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

NOVEMBER 1998 SESSION

**FILED**

**January 28, 1999**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| TOD J. WALLER, | * | C.C.A. # 01C01-9712-CR-00565 |
| Appellant, | * | DAVIDSON COUNTY |
| VS. | * | Hon. Ann Lacy Johns, Judge |
| STATE OF TENNESSEE, | * | (Post-conviction) |
| Appellee. | * | |

For Appellant:

Judson W. Phillips
315 Deaderick Street, Suite 2395
Nashville, TN 37238-2395

For Appellee:

John Knox Walkup
Attorney General and Reporter

Daryl J. Brand
Senior Counsel
Criminal Justice Division
425 Fifth Avenue North
Nashville, TN 37243

Patty Ramsey
Assistant District Attorney General
Washington Square Building
222 Second Avenue North
Nashville, TN 37201

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

The petitioner, Tod J. Waller, appeals the trial court's denial of his petition for post-conviction relief. In this appeal of right, the petitioner claims that his trial counsel was ineffective and that the judgment of conviction should be set aside.

_____We find no error and affirm the judgment of the trial court.

On October 17, 1996, the petitioner entered negotiated pleas of guilt to two counts of attempted aggravated rape and two counts of attempted aggravated kidnapping. As a part of the plea agreement, the state did not prosecute a third count of aggravated rape and two additional counts of aggravated kidnapping. The trial court imposed consecutive, ten-year Range I sentences for each attempted aggravated rape conviction and five-year Range I sentences for each of the two attempted aggravated kidnapping convictions. The sentences for attempted aggravated kidnapping were concurrent to each other but ordered to be served consecutively to the sentences for attempted aggravated rape. Thus, the effective sentence was twenty-five years.

In this petition for relief, the petitioner claimed that his pleas of guilty were not knowing or voluntary, that his trial counsel had been ineffective, and that, but for the advice of trial counsel, he would not have entered pleas of guilt and would have insisted on proceeding to trial.

At the evidentiary hearing, the petitioner testified that he had attempted suicide a number of times up to and including the day of his arrest. He claimed that he was intoxicated on the day of his arrest and admitted to an alcohol addiction. He recalled that he discussed with his trial counsel the possibility of a

psychological defense. He claimed that he had wanted a trial but that his trial counsel had told him that a trial was not in his best interest. While he remembered that his trial counsel had informed him of his constitutional rights, he claimed at the evidentiary hearing that he had not understood his rights entirely. In particular, the petitioner believed that he would be released after serving thirty percent of his twenty-five-year sentence because his trial counsel did not inform him that he was merely parole eligible at that time.

The petitioner maintained that he was just "going through the motions" and responding to the questions imposed by the trial judge as he was instructed: "[J]ust say yes." The petitioner claimed that, had he gone to trial, there was a possibility that the some of the kidnapping charges could have been dismissed, a fact his trial counsel had failed to point out. See State v. Anthony, 817 S.W.2d 299 (Tenn. 1991).

Trial counsel, who had been employed by the public defender's office for approximately twelve years and had represented thousands of defendants, testified that he met with the petitioner before the preliminary hearing and several other times throughout the course of his representation. He testified that he met with the petitioner's mother, obtained discovery from the state, investigated the facts, and advised the petitioner that, if he proceeded to trial, he would likely be convicted of some of the charges. Trial counsel recalled that the victim had been an effective witness at the preliminary hearing and that the petitioner's version of events did not entirely refute the charges. Trial counsel remembered informing the petitioner of the sentencing ranges and parole eligibility. He maintained that he had no difficulty communicating with the petitioner. Trial counsel testified that he obtained the petitioner's medical records from Middle Tennessee Mental Health

3

Institute and that he obtained the results of a separate mental evaluation arranged by the petitioner's parents. Trial counsel recalled discussing the results of the evaluation with the psychologist. He also testified that he was aware of the 1991 supreme court opinion in State v. Anthony, 817 S.W.2d 299 (Tenn. 1991), and had considered the opinion in his assessment of the case.

Trial counsel testified that on the day of the guilty plea, he communicated with the petitioner for thirty to forty-five minutes and that the petitioner gave no indication that he did not understand their discussion. He did not deny advising the petitioner to "hold it together a little longer" during the submission hearing, explaining that the petitioner was "high strung" and tended to be overly emotional. Trial counsel claimed that his advice was aimed to discourage the petitioner from becoming overcome by his anxieties.

The trial court denied post-conviction relief, concluding that trial counsel had provided competent representation. In its findings of fact, the trial court determined that trial counsel was "highly attuned to ... [the] psychological and emotional issues" in the case, that he had maintained adequate contact with the petitioner, and that he had advised petitioner of the legal consequences of the plea "in detail." The trial court also concluded that, from the factual excerpt presented at the submission hearing, this was "not a clear cut situation where there would have been merger" under the rule established in Anthony.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he must first establish that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, he

must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693 (1984). Should the petitioner fail to establish either factor, no relief is warranted. As to guilty pleas, the petitioner must establish a reasonable probability that, but for the errors of his counsel, he would not have entered the plea and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Under our statutory law, the petitioner bears the burden of proving his allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). On appeal, the findings of fact made by the post-conviction trial court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. Brooks v. State, 756 S.W.2d 288, 289 (Tenn. Crim. App. 1988). The burden is on the petitioner to show that the evidence preponderated against those findings. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978).

In our view, the testimony at the evidentiary hearing does not preponderate against the post-conviction trial court's conclusion that trial counsel rendered effective assistance to the petitioner. The petitioner has neither identified any investigative step that his trial counsel failed to undertake nor presented any material evidence that his trial counsel failed to discover.

The petitioner also alleged that his trial counsel should have obtained an additional psychological evaluation. At the evidentiary hearing, however, trial counsel established as fact that he had reviewed the mental evaluation obtained by the parents of the petitioner and had discussed the results with the psychologist who conducted the evaluation. Trial counsel, who had prior experience in advancing a defense based upon mental condition, determined that such a defense was not a

5

viable in this case. The record establishes that the petitioner was unable to present any testimony to controvert that conclusion and this court may not second-guess the tactical and strategic choices made by trial counsel unless those choices are uninformed because of inadequate preparation. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982).

The petitioner also asserts that his trial counsel's acknowledgment that he "did not have a particularly good memory" supports a conclusion that the trial court erred in accrediting the testimony of trial counsel. We disagree. This court may not reweigh or reevaluate the evidence or substitute its inferences for those drawn by the trial court and may not reassess the credibility of witnesses or the weight and value to be given their testimony. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990).

Next, the petitioner alleges that the transcript of the plea submission hearing demonstrates that his emotional instability at the time of the plea would negate the validity of his guilty pleas. He asserts that trial counsel's advice to "hold it together just a little longer" supports his quest for post-conviction relief. The explanation by trial counsel and his testimony that he had seen no indication that the petitioner had problems understanding the proceedings was satisfactory. The transcript of the submission hearing supports the trial court's conclusion that the petitioner knowingly and voluntarily entered his pleas and does not support his claim that he would have insisted on going to trial but for erroneous advice of trial counsel.

Finally, the petitioner argued during his post-conviction proceeding that his trial counsel was ineffective by failing to advise him regarding the possibility of

6

either dismissing altogether or merging some of the aggravated kidnapping convictions with the aggravated rape convictions under the rationale expressed in Anthony. In this appeal, however, the petitioner has omitted all reference to this issue and has provided no supporting argument. In consequence, this issue must be treated as waived. Tenn. Ct. Crim. App. R. 10(b).

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Presiding Judge

CONCUR:


_____
John H. Peay, Judge


_____
Jerry L. Smith, Judge