IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MARCH 1999 SESSION



FILED

July 16, 1999

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| KENNETH BROWN, | * | No. 02C01-9805-CR-00130 |
| Appellant, | * | SHELBY COUNTY |
| VS. | * | Hon. Bernie Weinman, Judge |
| STATE OF TENNESSEE, | * | (Post-Conviction) |
| Appellee. | * | |

For Appellant:

Tony N. Brayton
Assistant Public Defender
201 Poplar Avenue, Suite 2-01
Memphis, TN 38103
(on appeal)

Of counsel:
A.C. Wharton, Jr.
Shelby County Public Defender

Donna Armstard
Assistant Public Defender
201 Poplar Avenue, Second Floor
Memphis, TN 38103
(at trial)

For Appellee:

John Knox Walkup
Attorney General and Reporter

J. Ross Dyer
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
Nashville, TN 37243

Alanda Horne
Assistant District Attorney General
201 Poplar Avenue, Third Floor
Memphis, TN 38103

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

## OPINION

The petitioner, Kenneth Brown, appeals the trial court's denial of post-conviction relief. The issue presented for review is whether the petitioner was provided effective assistance of trial counsel before entering a guilty plea.

We find no error and affirm the judgment of the trial court.

Following several days of trial in 1996, the petitioner pled guilty to thirty indictments for aggravated burglary, all of which were Class C felonies. Tenn. Code Ann. § 39-14-403. Pursuant to the plea agreement, the trial court imposed concurrent, Range III fifteen-year sentences for twenty-nine of the convictions. On the remaining conviction, the trial court imposed a Range I, five-year sentence to be served consecutively to the fifteen-year sentences. The effective sentence was, therefore, twenty years.

On August 1, 1997, the petitioner filed a pro se petition for post-conviction relief. The trial court appointed counsel and conducted an evidentiary hearing. At the conclusion of the proceeding, the trial court determined that the petitioner had been provided the effective assistance of counsel and had knowingly and voluntarily entered each of the guilty pleas.

At the evidentiary hearing, the petitioner complained that his trial counsel failed to provide him with a copy of his statement to police as he had requested. He argues that his trial counsel failed to file a motion to suppress the statement and failed to adequately investigate the accuracy of the statement with law enforcement officers. The petitioner claimed that he did not recall providing information about twenty-nine burglaries and was unaware of many important

2

details. He maintained that he had been involved in only thirteen or fourteen burglaries and denied having confessed to sixty burglaries.

The petitioner testified that he agreed to stop the trial because he had lost confidence in his trial counsel and felt that his representation was ineffective. He stated that his trial counsel had visited him at the jail before the trial to discuss the plea offer but that the two had never discussed the cases. The petitioner maintained that his trial counsel did not discuss the discovery procedures, did not provide copies of the indictments, and only allowed him to see the motion to suppress after his decision to plead guilty. The petitioner testified that he had wanted separate trials on each indictment but that his trial counsel had informed him the trial court would not agree. He insisted that there should have been a hearing to determine whether separate trials were warranted.

On cross-examination, the petitioner acknowledged that he had decided to plead guilty after hearing eight witnesses testify favorably for the state. He conceded that he was aware that the prosecutor planned to introduce his confession. The petitioner admitted that he had discussed his options with his trial counsel, had informed the judge that he understood his right to continue with the trial, and that he concluded that it was in his best interests to plead guilty. The petitioner testified that he was aware that he could receive a sentence of 90 to 180 years had he chosen to allow the trial to proceed. He acknowledged that he was not coerced or pressured into accepting the terms of the plea agreement.

The petitioner's trial counsel had practiced law for thirty-seven years. He testified that he had visited the petitioner twenty to thirty times at the jail and that the meetings lasted from five minutes to two hours, depending on the need. Trial

3

counsel recalled that the petitioner had confessed to fifty-four burglaries and was likely to be indicted for another sixty-five. He acknowledged that the petitioner had been involved in a burglary ring and after his arrest, agreed to serve as a witness for the state against his co-defendants. Trial counsel recalled that prior to trial the petitioner had not challenged the accuracy of the confession.

Trial counsel admitted that he did not file a motion to suppress the petitioner's confession before trial because he thought there was no basis for its exclusion. He stated that he offered to provide the petitioner with a copy of the confession but that the petitioner did not want it. Trial counsel testified that he had ordered two mental evaluations of the petitioner due to his concern about the petitioner's competency. He stated that there were no witnesses to investigate. He recalled that the defendant had appeared to enter the guilty pleas knowingly and voluntarily and with an understanding of the consequences.

The trial court denied relief for the following reasons:

> The Court finds that the petitioner freely and voluntarily entered the guilty plea after being fully advised of all his rights by his counsel and the trial judge. The petitioner wanted to avoid the possibility of receiving more punishment if convicted at trial. In addition he wanted to avoid the possibility of being indicted on additional charges of aggravated burglary.
> The Court finds that the advice given and the services rendered by the [petitioner's trial] counsel were within the range of competency demanded by an attorney in a criminal case and that [trial counsel's] representation of the [petitioner] at his guilty plea complied with the requirements set out by the Supreme Court of Tennessee in the case of Baxter v. Rose, 523 S.W.2d 930.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he must first establish that the services rendered

4

or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, he must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693 (1984). Should the petitioner fail to establish either factor, he is not entitled to relief. Our supreme court described the standard of review as follows:

> Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the defendant makes an insufficient showing of one component.

Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996). On claims of ineffective counsel, the petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings. Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

The standard announced in Strickland, as it applies to guilty pleas, is met when the petitioner establishes that, but for his counsel's error, he would not have pleaded guilty and would have insisted on trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). In Boykin v. Alabama, 395 U.S. 238 (1969), the Supreme Court ruled that the trial courts must establish a record at the submission hearing that all guilty pleas are knowingly and voluntarily entered. In order to meet constitutional standards, the plea must represent "a voluntary and intelligent choice among the alternative choices of action [available]." North Carolina v. Alford, 400 U.S. 25

(1970); <u>Clark v. State</u>, 800 S.W.2d 500 (Tenn. Crim. App. 1990).

Under our statutory law, the petitioner bears the burden of proving his allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). On appeal, the findings of fact made by the trial court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. <u>Brooks v. State</u>, 756 S.W.2d 288, 289 (Tenn. Crim. App. 1988). The burden is on the petitioner to show that the evidence preponderated against those findings. <u>Clenny v. State</u>, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978).

In our view, the evidence does not preponderate against the trial court's finding that the petitioner entered knowing and voluntary guilty pleas and received the effective assistance of counsel. The trial court accredited the testimony of trial counsel rather than that of the petitioner. In essence, the proof demonstrated that the petitioner was dissatisfied with the length of his sentence but that he had been aware of the consequences of the plea agreement prior to pleading guilty. The submission hearing record demonstrates that the petitioner responded intelligently to a variety of questions posed by the trial judge. The petitioner clearly acknowledged that the plea was free and voluntary and that he willingly accepted the state's offer of twenty years. From all of this, it appears that trial counsel performed his duties well within the established professional guidelines.

Accordingly, the judgment of the trial court is affirmed.

_____
Gary R. Wade, Presiding Judge

6

CONCUR:

_____
Joseph M. Tipton, Judge


_____
Thomas T. Woodall, Judge