IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 9, 2003

## DESHAWN MCCLENTON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-24880     Chris Craft, Judge**

_____

**No. W2002-02745-CCA-R3-PC  - Filed August 6, 2003**
_____

The petitioner, DeShawn McClenton, appeals the denial of his petition for post-conviction relief. The single issue presented for review is whether his trial counsel was ineffective by failing to object to certain of the testimony offered on behalf of the state. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Dee Shawn Peoples, Memphis, Tennessee, for the appellant, DeShawn McClenton.

Paul G. Summers, Attorney General & Reporter; P. Robin Dixon, Assistant Attorney General; and Alonda Dwyer, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The petitioner was convicted of aggravated robbery and especially aggravated kidnapping incident to a 1997 robbery of a Mrs. Winner's restaurant in Memphis. On direct appeal, this court affirmed the convictions. State v. DeShawn McClenton, No. W1999-00879-CCA-R3-CD (Tenn. Crim. App., at Jackson, July 11, 2000). Application for permission to appeal to our supreme court was denied on Feb. 12, 2001.

The relevant facts underlying the convictions are as follows:
[O]n the morning of September 8, 1997, Hazel Valentine and Floria McCollough were readying the Jackson Avenue Mrs. Winner's Restaurant for opening. Around 5:15 a.m., the two women heard a noise as a brick crashed through the drive-thru window. Ms. McCollough, who was working in the front area, turned to look at the window, and she saw a black man with a silver gun trying to enter the restaurant through the drive-thru window. The man had a blue bandana covering the lower half of his face. Realizing that a robbery was occurring, the two women ran from the

restaurant and beat on the door of the Wendy's restaurant next door, but they were not heard from inside. They then ran to a nearby Amoco gas station, but the clerk would not let them in. While at the Amoco, the women noticed that the robber had gotten into his van and was driving towards them. They began to run in different directions, and then Ms. Valentine lost her balance and fell.

By this time, the man had arrived at the Amoco in his van. He got out of his van and grabbed Ms. Valentine by the back of the shirt, dragging her and causing her to injure her arms and knees. He pointed the gun at her and told her to "[g]et up and get in the van or I'll kill you right here and now." He put Ms. Valentine in the van and drove her back to Mrs. Winner's, telling her that he wanted her to unlock the store and open the safe. At gunpoint, the man forced Ms. Valentine to open the safe in the restaurant. He then told her to lie on the floor, which she did. After he fled through the back door with the money, Ms. Valentine got up and went back over to the Amoco station.

Id., slip op. at 2.

At the evidentiary hearing on his petition for post-conviction relief, the petitioner testified that his trial counsel was ineffective by failing to question the two juveniles who had been found driving the van used in the robbery. The petitioner contended that the youths "might have [known] something, or seen this vehicle, or seen somebody else, or you know anything. Something probably would have c[o]me out." He conceded that further investigation of the two juveniles would not likely have changed the outcome of the trial. The petitioner also claimed that his trial counsel should have called several witnesses to testify that he did not wear his hair in the manner described by eyewitnesses to the robbery. He acknowledged, however, that trial counsel had presented the testimony of his hairdresser as to the style of his hair at the time of the crime and that there was nothing that his trial counsel could have done that would have changed the outcome of his trial.

Trial counsel testified that she had a number of "very in depth" conversations with the lead investigators in the petitioner's case. She stated that the primary emphasis of the conversations was how she might explore weak areas in the investigation without "opening the door" to "other inculpatory evidence." Trial counsel testified that she learned through her investigation that the two juveniles that were arrested driving the van used in the robbery had informed police that they had found the van approximately one block from the petitioner's girlfriend's residence. In addition, she was aware that the juveniles had "air-tight" alibis for the time that the robbery was committed. It was her opinion that there was no advantage in calling the juveniles as witnesses.

Michael Clark, formerly a sergeant with the Memphis Police Department, testified that he had provided testimony at trial regarding the fingerprinting of a pair of gloves found in the van. Although Clark conceded that he did not perform the fingerprinting of the gloves, he explained that he was knowledgeable about the testing process because of his "[e]ducation, law enforcement

experience, investigative experience, the interview of latent print examiners and crime scene officers that did these types of tests."

At the conclusion of the evidentiary hearing, the court ruled that the petitioner had not been denied the effective assistance of counsel and further found as follows:

> [The petitioner's] complaint assumes that the gloves found in the van two days later could be shown to have been worn by the kidnapper during the crime, that DNA could have been extracted from sweat in the gloves, and that petitioner's trial attorney could have somehow known about the existence of the gloves and the intention of the police to test them during the early stages of the investigation, and could have intervened, all of this prior to her representation of the petitioner. This allegation has no merit, as there is no showing the destruction of the gloves could have been prevented, or that the preservation of the gloves would have made a difference in petitioner's trial.

In this appeal, the petitioner asserts that trial counsel was ineffective by failing to object to Clark's testimony regarding the fingerprint tests conducted on the latex gloves. The state contends otherwise.

Under our statutory law, the petitioner bears the burden of proving the allegations in his post-conviction petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). Evidence is clear and convincing when there is no serious or substantial doubt about the accuracy of the conclusions drawn from the evidence. Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). Claims of ineffective assistance of counsel are regarded as mixed questions of law and fact. State v. Honeycutt, 54 S.W.3d 762, 766-67 (Tenn. 2001); State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). On appeal, the findings of fact made by the post-conviction court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. Brooks v. State, 756 S.W.2d 288, 289 (Tenn. Crim. App. 1988). The burden is on the petitioner to show that the evidence preponderated against those findings. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978). The credibility of the witnesses and the weight and value to be afforded their testimony are questions to be resolved by the trial court. Bates v. State, 973 S.W.2d 615 (Tenn. Crim. App. 1997). When reviewing the application of law to those factual findings, however, our review is de novo, and the trial court's conclusions of law are given no presumption of correctness. Fields v. State, 40 S.W.3d 450, 457-58 (Tenn. 2001); see also State v. England, 19 S.W.3d 762, 766 (Tenn. 2000).

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he must first establish that the services rendered or the advice given were below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, he must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693 (1984). Should the petitioner fail to

establish either factor, he is not entitled to relief. Our supreme court described the standard of review as follows:

> Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the defendant makes an insufficient showing of one component.

Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996).

On claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings. Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

In our view, the petitioner has failed to establish that trial counsel's performance was deficient. During the evidentiary hearing, trial counsel was not questioned about the fingerprinting of the latex gloves or the testimony provided by Clark. Further, during his testimony, the petitioner made no claim that his trial counsel should have objected to Clark's testimony. Finally, in the context of the entire trial, Clark's testimony regarding the process used to lift fingerprints from the gloves did not affect the verdict. Clark testified that the petitioner's fingerprints were not found inside the gloves. Trial counsel thoroughly cross-examined officers regarding the absence of the petitioner's fingerprints in the van. Yet, eyewitnesses identified the petitioner as the perpetrator. That testimony was particularly compelling. Under these circumstances, the evidence does not preponderate against the findings of the trial court that the petitioner received the effective assistance of counsel.

Accordingly, the judgment of the trial court is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE