IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 21, 2001

## JEFFREY E. DUNLAP v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 68159     Ray L. Jenkins, Judge**

**No. E2001-00189-CCA-R3-PC**
**October 16, 2001**

The petitioner, Jeffrey E. Dunlap, appeals the trial court's denial of post-conviction relief. The single issue presented for review is whether the petitioner was denied the effective assistance of counsel at trial. The judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Albert J. Newman, Jr., Knoxville, Tennessee, for the appellant, Jeffrey E. Dunlap.

Paul G. Summers, Attorney General & Reporter; Elizabeth B. Marney, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Robert L. Jolley, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On May 16, 1993, Officer Kenneth Robertson was dispatched to the Mugford Pharmacy in Knoxville. Upon his arrival, Officer Robertson observed the petitioner and one other man standing inside the pharmacy holding boxes. A window was broken. The two men fled. Officer Robertson pursued and eventually arrested the defendant. The other man got away. Some merchandise had been placed in the boxes and some was found outside the building. Officer Robertson never lost sight of the petitioner from the time he arrived at the pharmacy until the time the petitioner was placed under arrest.

Convicted of burglary, the petitioner was sentenced to 12 years as a career offender. This court affirmed on direct appeal. State v. Jeffrey Eugene Dunlap, No. 03C01-9607-CR-00251 (Tenn. Crim. App., at Knoxville, Aug. 21, 1997). Application for permission to appeal was denied April 13, 1998.

On May 13, 1999, the petitioner placed the petition for post-conviction relief in the prison mail system. The petition was marked for filing on May 18, 1999. The petitioner alleged at least 25 grounds for relief, including the claim that his trial counsel had been ineffective. After the appointment of post-conviction counsel, the petitioner filed amendments, including the allegation that his conviction was based in part upon the "untrue, false, and misleading testimony" of Ronnie Ridenour, the victim of the crime, who, according to documents in the record, was subsequently involved in a conspiracy to illegally distribute a controlled substance. The petitioner claimed that Ridenour conducted a fencing operation at the pharmacy and that there was no robbery, only a "voluntary and consensus exchange of drugs for money or goods."

At the evidentiary hearing, the petitioner testified that his trial counsel met with him only four or five times before the trial, for a total of no more than three hours all together. According to the petitioner, the two talked approximately three more times by telephone. He complained that his trial counsel never informed him that he would testify at his trial until he was actually called as a witness. The petitioner claimed that his trial counsel failed to call at least five witnesses he had requested be present. He also contended that his trial counsel failed to present any evidence on his behalf at the sentencing hearing and argued that his trial counsel was ineffective for having failed to object to the admission of a ring into evidence. The petitioner submitted that his trial counsel failed to properly investigate the victim, who, the petitioner claimed, "was running illegal activities and . . . selling the stuff (stolen goods he had acquired in return for drugs) through a flea market [o]n Alcoa Highway."

Trial counsel testified that he had talked to his client many times in preparation for the trial. He described the defense as "a drug deal gone bad." Trial counsel stated that only the victims, the petitioner, and a co-defendant named McBee were at the pharmacy at the time of the offense. While conceding that the petitioner provided several names of potential witnesses, trial counsel, who claimed to have contacted each one of them by telephone or in person, concluded that "nothing that they had to say served to benefit the defense." Trial counsel also testified that he was aware that each of the Ridenours (husband and wife) who had testified at trial had extensive criminal records, which "we brought . . . out at the trial." Trial counsel estimated that the amount of time he invested in the defense of the case was 72.3 hours out of court and 25.1 hours in court. Trial counsel recalled that Mr. McBee did not testify at the trial. Trial counsel further explained the theory of defense as follows:

> Mr. McBee had purchased some bad cocaine from Mr. Ridenour, and . . . Mr. Dunlap and Mr. McBee went over to the Ridenours . . . [to] get it straightened out. And when they got there is when the problem occurred. There was all sorts of jewelry and claims of . . . a purchase by Mr. McBee of . . . cocaine from Mr. Ridenour which Mr. Ridenour denied, flatly.

The trial court accredited the testimony of trial counsel and determined that the petitioner had not clearly and convincingly proved his allegations of ineffective assistance of counsel. Rejecting altogether the claims of the petitioner, the trial judge denied post-conviction relief.

In this appeal, the petitioner acknowledges that the proof presented at the evidentiary hearing is almost in direct conflict. He asserts generally that the facts in the record establish ineffective assistance of counsel. For the first time on appeal, the state argues that the petitioner failed to timely file his petition for post-conviction relief, pointing out that our supreme court denied application for permission to appeal on April 13, 1998, and that the petitioner placed the petition in the prison mail system one year and 30 days later.

This court will first address the procedural issue. In State v. Nix, 40 S.W.3d 459 (Tenn. 2001), our supreme court made the following observation:

> As the state points out, Tenn. Code Ann. § 40-30-202(a) declares that the one-year statutory period is an element of the right to file a post-conviction petition and that it is not an affirmative defense that must be asserted by the state. Therefore, it is incumbent upon the petitioner to include allegations of fact in the petition establishing either timely filing or tolling of the statutory period. See Tenn. Code Ann. § 40-30-204(e) ("the petitioner shall include allegations of fact supporting each claim for relief set forth in the petition . . ."). Failure to include sufficient factual allegations of either compliance with the statute or incompetence requiring tolling will result in a dismissal.

Panels of our court have held that the statute of limitations begins to run on the date our supreme court files its opinion. See, e.g., Monroe Brown v. State, No. 01C01-9112-CR-00367 (Tenn. Crim. App., at Nashville, Aug. 6, 1992). Neither the petitioner nor the state makes any argument as to whether the issuance of the mandate, 30 days after the opinion, qualifies as "the final action of the highest state appellate court to which an appeal is taken. . . ." The statute further provides that "if no appeal is taken," the action should be filed "within one year of the date on which the judgment becomes final. . . ." Because our court has determined that the final action of the supreme court is on the date of filing of either their opinion or their denial of the application for permission to appeal, those cases serve as precedent and would bar consideration of the substantive issues. John Haws Burrell v. State, No. E1999-02762-CCA-R3-PC (Tenn. Crim. App., at Knoxville, Jan. 8, 2001).

Notwithstanding our determination that the statute of limitations precludes consideration of the issue of effective assistance of counsel, it is our view that the petitioner would not have succeeded on the merits of his claim.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he must first establish that the services rendered or the advice given were below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, he must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693 (1984). Should the petitioner fail to establish either factor, he is not entitled to relief. Our supreme court described the standard of review as follows:

Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the defendant makes an insufficient showing of one component.

Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996). On claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings. Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Under our statutory law, the petitioner bears the burden of proving his allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). On appeal, the findings of fact made by the trial court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. Brooks v. State, 756 S.W.2d 288, 289 (Tenn. Crim. App. 1988). The burden is on the petitioner to show that the evidence preponderated against those findings. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978).

The record demonstrates that the trial court accredited the testimony of trial counsel, concluding that his services were not deficient. The petitioner was unable to establish any prejudice, whether or not his counsel's performance met professional guidelines. For example, he presented no witnesses at the post-conviction proceeding that might have shown that the results of his trial might have been different had they been able to give testimony.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE

-4-