Jimmy BROOKS, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee, at Knoxville.

June 16, 1988.

Permission to Appeal Denied by Supreme Court Aug. 29, 1988.

Carl R. Ogle, Jr., Jefferson City, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Gordon W. Smith, Asst. Atty. Gen., Nashville, Al C. Schmutzer, Jr., Dist. Atty. Gen., Sevierville, James R. Scroggins, Asst. Dist. Atty. Gen., Jefferson City, for appellee.

## OPINION

JONES, Judge.

On the 30th day of September, 1986, the petitioner, Jimmy Brooks, entered pleas of guilty to two counts of burglary second degree. The trial court sentenced the petitioner to serve a term of eleven (11) years in the Department of Correction as to each count. The trial court ordered the sentences to be served concurrently.

On the 14th day of April, 1987, the petitioner filed a petition for post-conviction relief in the trial court. The petition alleged that his pleas of guilty were not freely and voluntarily entered due to the ineffective assistance of counsel. The petition further alleged that the trial court failed to ask the petitioner if he was: (a) guilty of the offense, (b) pressured or forced into entering the pleas of guilty, or (c) if there was a plea bargain agreement existing between the parties. The petition further alleged that the defendant entered into a plea bargain agreement whereby he was to receive a sentence of ten (10) years, not eleven (11) years, in exchange for his plea of guilty; and he only agreed to plead guilty to the first count of the indictment. The trial court denied the petition after an evidentiary hearing.

The petitioner has appealed as of right to this Court pursuant to Rule 3(b), Tenn.R. App.P. In this Court the petitioner contends the trial court erred in dismissing his petition. He argues that he was denied the effective assistance of counsel, his pleas of guilty were not voluntarily and knowingly entered due to the ineffective assistance of counsel.

■ When a petitioner in a post-conviction proceeding is afforded an evidentiary hearing on the merits of his petition, the findings of fact made by the trial court at the conclusion of the hearing have the weight of a jury verdict. As a consequence, this Court is bound by the trial court's findings of fact unless we conclude the evidence contained in the record preponderates against the judgment entered in this cause. *Clenny v. State,* 576 S.W.2d 12, 14 (Tenn.Crim.App.1978), *cert. denied* 441 U.S. 947, 99 S.Ct. 2170, 60 L.Ed.2d 1050 (1979); *State v. Swanson,* 680 S.W.2d 487, 490 (Tenn.Crim.App.1984); *Turner v. State,* 698 S.W.2d 90, 91 (Tenn.Crim.App. 1985).

■ When the petitioner seeks to vitiate a conviction on the ground that counsel's representation was ineffective, the petitioner must prove by a preponderance of the evidence (a) the services rendered or advice given by counsel fell below "the range of competence demanded of attorneys in criminal cases," *Baxter v. Rose,* 523 S.W.2d 930, 936 (Tenn.1975), and (b) the unprofessional conduct or errors of counsel "actually had an adverse effect on the defense." *Strickland v. Washington,* 466 U.S. 668, 693, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674,

697 (1984); *Williams v. State,* 599 S.W.2d 276, 279 (Tenn.Crim.App.1980). Prior to *Strickland,* this Court required a showing of prejudice as a prerequisite to relief. *Williams v. State,* supra. Subsequently, this Court adopted the *Strickland* standards. *See Best v. State,* 708 S.W.2d 421, 422 (Tenn.Crim.App.1985).

Since the trial court found the petitioner failed to establish the advice given or services rendered by counsel fell below the range of competence demanded of attorneys in criminal cases and/or prejudicial to his defense, and his pleas of guilty were voluntarily and knowingly entered, we review the record in this case for the purpose of determining whether the trial court's findings of fact preponderate against the judgment entered by the trial court. *Clenny v. State,* supra; *State v. Swanson,* supra; *Turner v. State,* supra.

The petitioner and a co-defendant along with the petitioner's girl friend burglarized two residences in Jefferson County. The petitioner and his co-defendant were serving sentences for prior offenses when they committed the two burglaries.

■ The petitioner complained at the hearing that his attorney didn't investigate the two cases properly. However, the petitioner could not support this conclusory statement with facts. The record reflects that the petitioner's attorney thoroughly investigated both burglaries, and the attorney sought and obtained discovery from the assistant district attorney general in each case.

The petitioner testified at the hearing that his attorney visited him in the jail on only two occasions. He contended that the attorney should have visited him more frequently and "told him about his case." The record reflects that the attorney visited the jail on six different occasions to discuss the pending indictments with the petitioner. The petitioner did not reveal what the attorney could have told him or just how he was prejudiced in this regard.

The petitioner also contends that his pleas of guilty were not knowingly and voluntarily entered because his attorney made a mistake regarding the range of the petitioner's sentences. The petitioner further contends that he was not given adequate written notice that the State of Tennessee would seek to sentence him as a Range II especially aggravated offender. He argues that his pleas of guilty were voidable due to the mistake made by counsel and the failure of the State to provide written notice; and the trial court should have set aside the pleas of guilty.

We parenthetically note that the issues addressing the sentencing range of the petitioner's sentences are not cognizable in post-conviction proceedings. T.C.A. § 40-35-402 (Supp.1987). This statute provides in part:

(a) The defendant in a criminal case may appeal from the length, *range,* or the manner of service of the sentence imposed by the sentencing court. The defendant may also appeal the imposition of consecutive sentences. An appeal pursuant to this section shall be taken within the same time and in the same manner as other appeals in criminal cases. If there is an appeal of the conviction, the appeal of the sentence shall be taken at the same time. *There shall be no appellate review of the sentence in a post-conviction or habeas corpus proceeding.* [Emphasis added]

However, we opt to consider the issues which have been raised by the petitioner in his brief.

The petitioner was twenty-six (26) years of age when he entered his pleas of guilty which he now attacks. His formal education did not extend past the ninth grade. According to the petitioner, he can barely read and write.

The petitioner had an extensive criminal record prior to entering the pleas of guilty. The petitioner had been convicted of two prior burglaries as well as numerous misdemeanor offenses. As heretofore indicated, the defendant was serving a sentence when he committed the two offenses to which he entered pleas of guilty.

It is obvious from a reading of the record that the petitioner authorized his attorney to negotiate an offer of settlement with the

assistant district attorney general in both cases. The record reflects that the defendant agreed to enter pleas of guilty to the two offenses in exchange for a recommendation by the assistant district attorney general that the petitioner receive a Range II sentence of ten (10) years in each case. The question of whether the sentences were to be served concurrently or consecutively to the sentence he was serving as well as to each other was to be submitted to the trial judge. However, when it appeared that the trial judge would order the sentences to be served consecutively, the parties and their lawyers entered into a dialogue with the assistant district attorney general. The defendant, who participated in the dialogue, agreed to accept a Range II sentence of eleven (11) years in the Department of Correction in each case. The assistant district attorney general agreed to recommend to the court that all of the sentences, including the sentence the defendant was serving, would be served concurrently.

The record of the sentencing hearing reveals that the trial court explained the nature of the plea bargain agreement to the petitioner. The trial judge explained that the agreement required the petitioner to enter pleas of guilty in both cases, two counts, and the defendant would receive a Range II sentence of eleven (11) years in each case. It was further explained that the two sentences would be served concurrently as well as concurrently to the sentence he was then serving. The defendant acknowledged that he understood the nature and terms of the plea bargain agreement; and he advised the judge he wanted to accept the plea bargain agreement and enter pleas of guilty to both burglary offenses.

■ The issues addressing the question of whether the petitioner was properly or improperly sentenced to a Range II as opposed to a Range I sentence is totally devoid of merit. The defendant openly acknowledged at the hearing that he was fully aware his sentence would fall within Range II. Moreover, the record reflects the range in which the sentence would fall was an integral part of the plea bargain agreement accepted by the defendant.

■ In *State v. Mahler*, 735 S.W.2d 226 (Tenn.1987), our Supreme Court ruled that an accused could agree to be sentenced for the commission of an especially aggravated offense, which mandates a Range II sentence, as part of a plea bargain agreement notwithstanding the fact the defendant did not meet any of the criteria set forth in T.C.A. § 40–35–107 (Supp.1987). As in *Mahler*, the sentences imposed by the trial judge pursuant to the plea bargain agreement are not illegal sentences. The punishment for burglary second degree is imprisonment in the Department of Correction for a period not less than five (5) years nor more than fifteen (15) years. T.C.A. § 39–3–403(b)(2).

■ The fact the petitioner was not given prior written notice that the State would seek to enhance his punishment is likewise without merit. *See State v. Stephenson*, 752 S.W.2d 8 (Tenn.1988); *Crump v. State*, 672 S.W.2d 226 (Tenn.Crim.App.1984). First, the petitioner had actual knowledge and was acutely aware he would receive a Range II sentence. Moreover, the petitioner did not complain when the trial judge revealed the petitioner would receive a Range II sentence. Second, the petitioner has failed to illustrate how he was prejudiced by a lack of notice when (a) he agreed to accept the sentence as part of the plea bargain agreement and (b) the pleas were entered before the assistant district attorney general was required to give such notice. *See* Tenn.R.Crim.P. 12.3(a).

We conclude from our review of the record that the petitioner failed to carry the burden of proof regarding his claim that counsel was ineffective. Consequently, he is not entitled to relief on this ground. *Hellard v. State*, 629 S.W.2d 4 (Tenn.1982); *Clenny v. State*, supra; *State v. Swanson*, supra; *Turner v. State*, supra. The record supports the finding of the trial court that counsel rendered the effective assistance of counsel within the meaning of *Baxter v. Rose*, supra, and, further, the petitioner failed to establish that he was prejudiced by counsel's repre-

sentation. *Strickland v. Washington,* supra; *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

The trial court also properly found that the defendant voluntarily and knowingly entered his pleas of guilty to the two counts of burglary. In addition, his contentions regarding the range of his sentence are not cognizable in post-conviction proceedings. However, having addressed these issues on the merits, we find that they are without merit.

The judgment of the trial court is affirmed.

DAUGHTREY, J., and ALLEN R. CORNELIUS, Jr., Special Judge, concur.