IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

NOVEMBER 1998 SESSION

FILED

December 10, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| JAMES ROBERT MAJORS, SR., | * | C.C.A. # 01C01-9804-CR-00172 |
| Appellant, | * | SUMNER COUNTY |
| VS. | * | Hon. Jane W. Wheatcraft, Judge |
| STATE OF TENNESSEE, | * | (Post-Conviction) |
| Appellee. | * | |

For Appellant:

David A. Simpson, Attorney
113 West Main Street
Gallatin, TN 37066

For Appellee:

John Knox Walkup
Attorney General and Reporter

Timothy Behan
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
Nashville, TN 37243-0493

Sallie Wade Brown
Assistant District Attorney General
113 East Main Street
Gallatin, TN 37066

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

The petitioner, James Robert Majors, Sr., appeals the trial court's denial of his petition for post-conviction relief. In this appeal of right, the petitioner claims that his trial counsel was ineffective and that the judgment of conviction should be set aside.

_____We find no error and affirm the judgment of the trial court.

On December 16, 1996, the petitioner entered pleas of guilt to stalking, false imprisonment, assault, driving on a revoked license, evading arrest, and vandalism over $1,000.00. As a part of the plea agreement, the state did not prosecute indictment counts for aggravated assault and aggravated kidnapping. While initially classified as a Class E felony, the stalking conviction was amended four months later to correctly identify the crime as a Class A misdemeanor. The effective sentence is two years, eleven months and twenty-nine days.

In his petition for post-conviction relief, the petitioner claimed, among other things, that his trial counsel had been ineffective for having failed to initially recognize that the count for stalking was a misdemeanor rather than a felony. He insists that "he would have pursued his defense differently if the stalking been [a] misdemeanor...."

The trial court considered the several counts of the indictment, two of which were for Class B and Class C felonies, and then determined that, despite the error in the classification of the stalking charge, trial counsel had performed within the guidelines demanded in the profession.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he must first establish that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, he must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693 (1984). Should the petitioner fail to establish either factor, no relief is warranted. As to guilty pleas, the petitioner must establish a reasonable probability that, but for the errors of his counsel, he would not have entered the plea and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Under our statutory law, the petitioner bears the burden of proving his allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). On appeal, the findings of fact made by the trial court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. Brooks v. State, 756 S.W.2d 288, 289 (Tenn. Crim. App. 1988). The burden is on the petitioner to show that the evidence preponderated against those findings. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978).

In our view, the testimony at the evidentiary hearing does not preponderate against the trial court's conclusion that the petitioner would have entered the negotiated plea regardless of whether the indictment count was for felony stalking or misdemeanor stalking. The effective sentence is essentially the same. In fact, the ultimate result was marginally better than the bargain the petitioner and his trial counsel had made. In the context of all the various charges against the petitioner, it would appear that trial counsel performed effectively in achieving an acceptable plea agreement. The record suggests that the result would

have been acceptable to the petitioner whether the stalking conviction was a misdemeanor or a felony.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Presiding Judge

CONCUR:


_____
John H. Peay, Judge


_____
Jerry L. Smith, Judge

4