# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs September 12, 2000

## MICHAEL ADDISON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-21047  Bernie Weinman, Judge**

---

### No. W1999-00432-CCA-R3-PC - Filed October 24, 2000

---

Because the evidence does not preponderate against the trial court's determination that the petitioner received the effective assistance of counsel at trial and on direct appeal, the order denying post-conviction relief is affirmed.

### Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed.

GARY R. WADE, P.J., delivered the opinion of the court, in which DAVID G. HAYES and THOMAS T. WOODALL, JJ., joined.

Howard B. Manis (on appeal) and John Fulks (at trial), Memphis, Tennessee, for the appellant, Michael Addison.

Paul G. Summers, Attorney General & Reporter, Kim R. Helper, Assistant Attorney General, John Campbell, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The petitioner, Michael Addison, appeals the trial court's denial of his petition for post-conviction relief. The single issue presented for review is whether the petitioner was denied the effective assistance of counsel. Because the petitioner received adequate representation, the judgment is affirmed.

The petitioner was convicted of the April 2, 1993, shooting death of Donald Ray Irby. During the course of the investigation, the petitioner admitted shooting the victim with a .357 Magnum. Annie Lee Fason was a witness to the crime. The trial court imposed a sentence of life in prison. On direct appeal, this court affirmed. State v. Addison, 973 S.W.2d 260 (Tenn. Crim. App. 1997). Application for permission to appeal was denied June 29, 1998.

In an amended post-conviction petition, the petitioner alleged, among other things, that his trial counsel failed to adequately communicate with him; failed to adequately investigate the case; failed to properly cross-examine witnesses; failed to inquire as to his mental capacity; and failed to

request expert witnesses on his behalf. In addition, the petitioner alleged that his appellate counsel was ineffective by having failed to properly research issues which either were raised on appeal or could have been raised on appeal and that his appellate counsel otherwise had failed to serve as an effective advocate.

At the evidentiary hearing, the petitioner testified that he was initially represented by both Attorney Ronald Johnson and Attorney Carolyn Watkins. The petitioner complained that he met with Attorney Johnson, whom he understood to be his lead counsel, only once and with Attorney Watkins, whom he identified as Attorney Johnson's assistant, only on three or four occasions. While conceding that Attorney Watkins provided witness statements and transcripts to him in advance of the trial, the petitioner also complained that his trial counsel failed to adequately explain the state's evidence and failed to subpoena psychiatric and medical records of Annie Lee Fason for possible impeachment purposes. The petitioner testified that his trial counsel were unable to locate any of his possible witnesses, whom he could identify only by their street names. The petitioner also stated that his trial counsel never asked him to undergo a psychiatric or psychological evaluation and implied that his trial counsel did not adequately advise him on whether to testify at trial. He testified that his appellate counsel was ineffective for having failed to challenge certain jury instructions on felony murder and premeditated murder.

Carolyn Watkins, who testified that she was lead trial counsel for the petitioner, explained that when the death penalty was not sought by the state, her co-counsel, Ronald Johnson, discontinued his participation in the defense. She recalled that she had both a criminal investigator and a social investigator who assisted in the preparation of the case and that she was unable to find any basis for a defense based upon a diminished mental capacity. Ms. Watkins stated that she had met with the petitioner on several occasions and that her investigators had been unsuccessful in their attempts to locate the individuals that the petitioner had identified by use of their street names. Ms. Watkins acknowledged that there had been no attempt to determine whether or not Ms. Fason had ever been treated for alcoholism. She did point out, however, that it was very clearly established by the defense at trial that Ms. Fason had been drinking on the day of the shooting. Ms. Watkins described the defense strategy as one of self-defense. Just prior to trial, the petitioner rejected an offer to enter a plea of guilt in exchange for a Range II, 35-year sentence. Ms. Watkins contended that she was adequately prepared to present the defense.

At the conclusion of the hearing, the trial court determined that trial counsel had thoroughly investigated the case, interviewed all witnesses that could be located, and had no basis to call additional experts. The trial court concluded that the petitioner had received effective representation at trial and on appeal.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he must first establish that the services rendered or the advice given were below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn.1975). Second, he must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693 (1984). Should the petitioner fail to

establish either factor, he is not entitled to relief.  Our supreme court described the standard of review as follows:

> Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim.  Indeed, a court need not address the components in any particular order or even address both if the defendant makes an insufficient showing of one component.

Goad v. State, 938 S.W.2d 363, 370 (Tenn.1996).  On claims of ineffective assistance of counsel, the petitioner "is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy . . ., and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings."  Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App.1994).  Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case.  Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App.1992).

Under our statutory law, the petitioner bears the burden of proving his factual allegations by clear and convincing evidence.  Tenn. Code Ann. § 40-30-210(f).  On appeal, the findings of fact made by the trial court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them.  Brooks v. State, 756 S.W.2d 288, 289 (Tenn. Crim. App.1988).  The burden is on the petitioner to show that the evidence preponderated against those findings.  Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App.1978).

In our view, the evidence here does not preponderate against the findings of the trial court.  As to witnesses sought by the petitioner to support his claim of self-defense, only their street names were available.  The petitioner was unable to supply addresses.  The proof was that trial counsel, through her investigators, made her best efforts to locate the witnesses.  Nothing more can be asked.  Moreover, the petitioner was unable to produce these witnesses at the evidentiary hearing.  Under such circumstances, it is impossible to conclude that the petitioner would have benefitted by the testimony of any of these witnesses.  The same is true regarding his claim that trial counsel should have produced at trial medical records of the witness Annie Lee Fason which might have pertained to alcohol treatment or psychiatric treatment.  The petitioner failed to produce any such documents at the evidentiary hearing.  It is, therefore, impossible to determine how such records, if they exist, might have assisted the defense or otherwise have affected the results of the trial.

Trial counsel attempted to find medical records to support the petitioner's claim that he had had a head injury in the past.  She was unable to locate any such records and concluded, from her own perspective, that the petitioner had no basis for a claim of mental disease or defect.  Further, the petitioner failed to produce any evidence of mental disease or defect at the evidentiary hearing.  In consequence, there was no proof that he was prejudiced by any deficiency on the part of his trial counsel.  The petitioner acknowledged at the evidentiary hearing that it had been his decision to

testify at trial. Otherwise, the trial court accredited the testimony of trial counsel at the evidentiary hearing.

Finally, the petitioner has not argued in this appeal that he was denied the effective assistance of appellate counsel. It is not apparent from the record that petitioner was denied the effective assistance of counsel either at trial or on appeal.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE