IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 23, 2001

**STATE OF TENNESSEE v. JAMES PERRY HYDE**

**Direct Appeal from the Criminal Court for Hamblen County**
**No. 99CR035    James E. Beckner, Judge**

**No. E2000-00806-CCA-R3-PC**
**March 22, 2001**

The petitioner, James Perry Hyde, appeals the trial court's denial of post-conviction relief. The issue presented for review is whether the petitioner was denied the effective assistance of counsel at trial. The judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed.**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON and NORMA MCGEE OGLE, JJ., joined.

William H. Bell, Greeneville, Tennessee, for the appellant, James Perry Hyde.

Paul G. Summers, Attorney General & Reporter; R. Stephen Jobe, Assistant Attorney General; and Eric Christiansen, Assistant District Attorney, for the appellee, State of Tennessee.

**OPINION**

On June 29, 1993, the petitioner was convicted of rape of a child, a Class A felony. See Tenn. Code Ann. § 39-13-522(b). The trial court imposed a 25-year sentence. The conviction was based upon evidence that the petitioner had inserted an enema device filled with cough syrup into the rectum of his 11-year-old daughter. The victim refused to testify and the conviction was based in great measure upon an admission by the petitioner to an investigator with the district attorney general's office:

[The petitioner] told me that on September 14, 1992, that he could remember having [the victim] take off her clothes. He said he then remembered giving [the victim] an enema with some cough syrup and he placed it in her rectum. He told me he loved [the victim] very much. [He] [s]aid, I can't remember anything else that happened. I remember it happening upstairs in the bathroom. This happened in the morning

hours after [my wife] went to work. I don't know why I did this. . . . I am giving the statement to get it off my conscience and to help [the victim].

This court affirmed on direct appeal. State v. James Perry Hyde, No. 03C01-9401-CR-00010 (Tenn Crim. App., at Knoxville, July 31, 1996). Application for permission to appeal was denied March 2, 1998, by the supreme court, concurring in results only.

On February 19, 1999, the petitioner filed this petition for post-conviction relief, alleging that he was denied effective assistance of counsel at trial. Prior to the evidentiary hearing, the trial court ordered an examination of the petitioner and confirmed his competency to stand trial. During the evidentiary hearing, trial counsel testified that he met with the petitioner over 50 times, interviewed at least 30 witnesses, filed several pre-trial motions, and examined the medical records of the petitioner.

Trial counsel conceded, however, that he did not request a competency examination of the petitioner or determine whether the petitioner, due to his medical or psychological infirmities, could make a knowing and voluntary statement to police. Trial counsel also testified that he interviewed the victim prior to trial and made a strategic decision not to call her as a defense witness. During the state's proof in chief, the victim was asked a series of very simple questions. She refused to talk and left the courtroom. At the conclusion of the state's proof, the trial court dismissed two other rape charges. Trial counsel explained that his investigation revealed that the victim might testify to other incidents of sexual impropriety on the part of the petitioner.

Trial counsel acknowledged that the victim later signed a sworn recantation, and that even later she recanted her recantation under oath. He also testified that he reviewed the physical evidence the state sought to present, including the cough syrup and the enema bags. Trial counsel testified that in his opinion the petitioner was competent and that an insanity defense was not a viable alternative because the petitioner contended that the incident simply did not occur. Finally, there was an indication that the petitioner had difficulty telling the truth under stress. Upon questioning, trial counsel testified that he considered putting on proof to that effect. He chose, however, not to use such evidence, fearing that the jury might misinterpret the petitioner's plan to testify at trial that he was innocent of the crime.

Dr. Richard J. Munson, a psychologist, testified that in his opinion the petitioner was competent to stand trial at the time the case was heard. It was also his opinion that the petitioner did not have any reason to enter an insanity plea at the time of the trial.

The victim, 19 years of age at the time she testified at the evidentiary hearing, recalled the event that led to the charges and then recalled having made a statement of recantation on May 14, 1999:

When they put me in Lake Shore, they had me on all these kinds of medicines . . . .
So, they put ideas in my head . . . and one day I just blurted it out, . . . "Well, he
sexually abused me." But, he really didn't and I was just really messed up at the time.

The victim admitted having made a recorded statement to the petitioner well after the trial
that her allegations of sexual misconduct were untrue. She then testified that the statement of
recantation that she had made to the petitioner was untrue. The victim stated that what she had told
the doctors before the charges were made against the petitioner was the truth. She explained that she
had felt pressure to recant her accusations against her father because she lived with her grandmother
at the time and needed to stay there.

The petitioner conceded at the evidentiary hearing that despite warnings by his trial counsel
not to talk to anyone, he made incriminating pre-trial statements to employees of the Department of
Human Services. Otherwise, he had no complaints about the investigation.

Edith Hyde, the petitioner's mother, testified on the petitioner's behalf. She denied having
pressured the victim to recant her accusations.

At the conclusion of the evidentiary hearing, the trial court complimented trial counsel for
the effort he had made on behalf of the petitioner:

[T]he record clearly shows that all appropriate objections were made, and a vigorous
defense was conducted in behalf of the petitioner . . . [Trial counsel] carefully
considered the mental and physical conditions of the petitioner. He made an
evaluation of whether he was able to stand trial based on his vast experience as a
criminal defense lawyer.

The trial court found no deficiency or prejudice due to the failure to seek a psychological
determination of the petitioner's competency. The trial court classified counsel's decision not to call
the victim as a witness as sound trial strategy: "It was dangerous; it was a time bomb; it would have
been a disaster."

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of
counsel, he must first establish that the services rendered or the advice given were below "the range
of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936
(Tenn. 1975). Second, he must show that the deficiencies "actually had an adverse effect on the
defense." Strickland v. Washington, 466 U.S. 668, 693 (1984). Should the petitioner fail to
establish either factor, he is not entitled to relief. Our supreme court described the standard of
review as follows:

Because a petitioner must establish both prongs of the test, a failure to prove either
deficiency or prejudice provides a sufficient basis to deny relief on the ineffective
assistance claim. Indeed, a court need not address the components in any particular

order or even address both if the defendant makes an insufficient showing of one component.

Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996). On claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings. Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Under our statutory law, the petitioner bears the burden of proving his allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). On appeal, the findings of fact made by the trial court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. Brooks v. State, 756 S.W.2d 288, 289 (Tenn. Crim. App. 1988). The burden is on the petitioner to show that the evidence preponderated against those findings. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978).

It is our assessment that the petitioner was not denied the effective assistance of counsel. The trial court accredited counsel's determination that the need for a mental evaluation was not apparent from the pre-trial behavior of the petitioner. Proof from a mental health expert that the petitioner would have had difficulty telling the truth under stress, if that had been the result of the examination, would have served as a "double-edged sword," explaining perhaps the "untruthful" incriminating comments he had made pre-trial but contradicting his "truthful" trial testimony that he was innocent of the crime. That would have been a dangerous strategy indeed. Calling the victim, who had just refused to incriminate the petitioner, as a witness would have been an even greater risk. While the potential gain would have been minimal, the potential loss would have been great. In our view, it was sound trial strategy not to call the victim, especially where her testimony might have intimated that the petitioner was involved in other criminal acts, either those which had never been charged or those which had been dismissed by the trial court at the conclusion of the state's proof. Finally, trial counsel was able to effectively attack the credibility of the allegations made by the victim by establishing that the victim had falsely accused others of sexual abuse. Under those circumstances, in particular, the strategy adopted by the defense met professional guidelines. There was no deficiency in performance.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE

-4-