IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
October 29, 2002 Session

## DELIVETRICK DEWON BLOCKER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**No. 232605     Douglas A. Meyer, Judge**

**No. E2002-00036-CCA-R3-PC**
**March 10, 2003**

The petitioner, Delivetrick Dewon Blocker, appeals the denial of his petition for post-conviction relief. In this appeal, he contends that he was denied the effective assistance of counsel at trial. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOE G. RILEY and ROBERT W. WEDEMEYER, JJ., joined.

Gary Massey, Jr., Chattanooga, Tennessee, for the appellant, Delivetrick Dewon Blocker.

Paul G. Summers, Attorney General & Reporter; Kathy D. Aslinger, Assistant Attorney General; and Rodney C. Strong, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

The petitioner was convicted of felony murder and especially aggravated robbery for the death of a taxi driver in Hamilton County. The trial court imposed consecutive sentences of life without the possibility of parole and twenty-two years. On direct appeal, this court summarized the facts which led to the convictions:

> [T]he proof at trial showed that [the petitioner] and his severed co-defendants, cousin, Robert Blocker and Calvin Trammel, who were all juveniles at the time of this crime, called for a taxicab from a Hamilton County convenience store. When it arrived, they instructed the driver to take them approximately one-half mile, to a location that the State characterized as wooded and secluded, along a street with several vacant homes. As the perpetrators exited the car, [the petitioner] heard Robert Blocker demand money from the driver, who reached over between the seats. [The petitioner] told police that he believed the driver was reaching for a gun, so he pulled a sawed-off shotgun from his pants and pointed it at the driver. He then shot

the driver at a range between six and twelve inches from his head. All three perpetrators fled the scene, and an area homeowner discovered the victim when the taxicab crashed into her patio.

State v. Delivetrick D. Blocker, No. 03C01-9803-CR-00120, slip op. at 3 (Tenn. Crim. App., at Knoxville, Mar. 10, 1999), perm. app. denied (Tenn. Oct. 4, 1999). This court affirmed the felony murder conviction but modified the especially aggravated robbery conviction to attempted aggravated robbery. Id., slip op. at 15.

In April of 2000, the petitioner filed this petition, alleging, among other things, that his trial counsel was ineffective by (1) failing to present evidence of his psychological and intellectual deficiencies at the transfer hearing in juvenile court; (2) failing to present the same evidence at the hearing on the motion to suppress the statement that the petitioner made to the police after his arrest; (3) failing to adequately cross-examine witnesses for the state; (4) failing to present any defense proof; and (5) failing to request a jury instruction on facilitation of felony murder.

At the evidentiary hearing, Philip Duval, who was retained by the petitioner after the transfer from the juvenile court to the criminal court, testified that the petitioner was represented by attorney Mark Rothberger in the juvenile court. He stated that he filed a motion to suppress the petitioner's pretrial statement to police, but was unsuccessful. He also noted that Attorney Rothberger filed a similar motion in the juvenile court that was also denied. Attorney Duval acknowledged that he did not present any expert psychological testimony at the hearing on the motion to suppress the statement, explaining that the report prepared by his expert, Dr. Eric Engum, contained information damaging to the defense. It was his testimony that Dr. Engum believed that the petitioner had the mental capacity to understand and waive his constitutional rights. He also testified that the petitioner not only admitted killing the cab driver to the police, but confessed to two other individuals that he had committed the murder.

Attorney Duval acknowledged that he did not cross-examine a number of witnesses for the state. He testified that he advised the petitioner against testifying and that the petitioner agreed with the advice. Attorney Duval explained that he did not call Dr. Engum as a defense witness because there was unfavorable information in his report. It was his recollection that Dr. Engum found that while the petitioner had disorganized thought processes, he also exhibited threatening, harassing, and physically aggressive behavior. Dr. Engum also reported that the petitioner "appreciate[d] the gravity and nature of the charges against him, underst[ood] the range and nature of possible penalties and [was] capable of appraising likely outcomes." Attorney Duval pointed out that Dr. Engum's testing of the petitioner did not "indicate he suffer[ed] from mental disease or defect, the severity of which would qualify him for [an insanity defense]."

Jeanette Blocker, the petitioner's mother, testified that she was not called as a witness during either the trial or the sentencing hearing. She stated that the petitioner was removed from her custody at age one and was not returned to her until he was nine. It was her testimony that the petitioner experienced academic and behavioral difficulties throughout his life and had been placed

in at least five separate juvenile detention facilities. Ms. Blocker recalled that the petitioner had an argument with the boyfriend of Janie Jones, who was a witness for the state, just prior to the crimes. Ms. Blocker conceded that she was present when the petitioner was questioned by police and admitted his involvement in the shooting. She stated that the petitioner had to carry a weapon for protection because he "wore blue. We lived in Alton Park. Everybody in Alton Park wear[s] red."

The petitioner testified that his conviction was "a big conspiracy from the DA on down to the judge to the witnesses." He added, "[I] never had a chance to plead my case before nobody. . . . I had trusted [my attorney] on my life in his hands, and I have lost my life because of [him]." The petitioner contended that Attorney Duval deprived him of the right to testify and never explained that he had a constitutional right to testify. He stated that he never intended to rob the cab driver and claimed that he only walked back toward the cab to avoid walking through a ravine filled with "wild dogs." The petitioner claimed that when he neared the cab, he saw the driver reaching under the seat and then warned him to "stop reaching." The petitioner admitted that he shot the victim in the face when he failed to heed the warning. He argued that the area where the shooting took place was not a secluded area, but a residential area and called the prosecutor "a big liar," explaining that he and his co-defendants had called the cab only to avoid the "wild dogs" which had "rabies [or] the mange."

The petitioner acknowledged that the state offered a plea agreement whereby he would receive a sentence of life with the possibility of parole in exchange for his testimony against his co-defendants. He stated that he did not accept the deal because he knew "how the State ma[d]e plea bargains . . . . [They] go back and change things once you put your signature on it." During cross-examination, the petitioner refused to answer a number of questions posed by the prosecutor, proclaiming that the prosecutor was on trial. When the prosecutor asked the petitioner if he had placed a gun to the head of the victim and had blown "the face off" the victim, the petitioner responded, "Perhaps." Ultimately, the petitioner admitted that he was guilty of murder, but denied that he was guilty of first degree murder. While acknowledging that he had a problem with anger management, he claimed that he could be rehabilitated.

At the conclusion of the hearing, the post-conviction court denied relief, finding that Attorney Duval pursued all "meritorious or arguably meritorious grounds for suppression." It determined that Attorney Duval was not deficient for failing to utilize Dr. Engum as a witness during the trial because of unfavorable information contained in his report. The trial court also concluded that counsel was not deficient for failing to request jury instructions on the lesser included offense of facilitation of felony murder because it would not have given an instruction under the facts of the case. Finally, the post-conviction court ruled that "any deficiency in counsel's performance was not prejudicial."

In this appeal, the petitioner asserts that his attorneys were ineffective for failing to present the testimony of Dr. Engum at the juvenile transfer hearing, at the hearings on his motion to suppress in juvenile court and criminal court, and at trial. He also submits that Attorney Duval was ineffective by failing to cross-examine certain witnesses for the state and by failing to present any

defense proof. Finally, he asserts that Attorney Duval was deficient for failing to request a jury instruction on the lesser included offense of facilitation of felony murder. The state contends that the petitioner has failed to establish that either of his attorneys were deficient.

Under our statutory law, the petitioner bears the burden of proving the allegations in his post-conviction petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). Evidence is clear and convincing when there is no serious or substantial doubt about the accuracy of the conclusions drawn from the evidence. Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). Claims of ineffective assistance of counsel are regarded as mixed questions of law and fact. State v. Honeycutt, 54 S.W.3d 762, 766-67 (Tenn. 2001); State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). On appeal, the findings of fact made by the post-conviction court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. Brooks v. State, 756 S.W.2d 288, 289 (Tenn. Crim. App. 1988). The burden is on the petitioner to show that the evidence preponderated against those findings. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978). The credibility of the witnesses and the weight and value to be afforded their testimony are questions to be resolved by the trial court. Bates v. State, 973 S.W.2d 615 (Tenn. Crim. App. 1997). When reviewing the application of law to those factual findings, however, our review is de novo, and the trial court's conclusions of law are given no presumption of correctness. Fields v. State, 40 S.W.3d 450, 457-58 (Tenn. 2001); see also State v. England, 19 S.W.3d 762, 766 (Tenn. 2000).

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he must first establish that the services rendered or the advice given were below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, he must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693 (1984). Should the petitioner fail to establish either factor, he is not entitled to relief. Our supreme court described the standard of review as follows:

> Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the defendant makes an insufficient showing of one component.

Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996).

On claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings. Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

On direct appeal, this court ruled that the denial of the defense motion to suppress was not erroneous. See State v. Delivetrick D. Blocker, No. 03C01-9803-CR-00120, slip op. at 9. At the post-conviction hearing, the petitioner was unable to show what else his counsel might have done in order to accomplish a different result. Dr. Engum's evaluation of the petitioner suggested that he was able to comprehend his rights and intelligently waive them. Unfavorable information contained in Dr. Engum's report warranted counsel's decision not to utilize him as a witness at trial. While the petitioner asserts that Attorney Duval failed to properly cross-examine certain witnesses for the state, he has failed to establish what questions should have been asked and that asking those questions would have changed the result of the trial. Moreover, the petitioner has failed to show any favorable proof that Attorney Duval could have offered at trial. The petitioner offered no proof at all in regard to Attorney Rothberger's representation. Finally, while the petitioner asserts that Attorney Duval was deficient for failing to request an instruction on the lesser included offense of facilitation of felony murder, he has failed to establish that such a request would have been granted and that an instruction on facilitation of felony murder would have changed the outcome of his trial. The trial court, in fact, ruled at the conclusion of the evidentiary hearing that it would not have provided an instruction on facilitation of felony murder. Because the proof was overwhelming that the petitioner was the shooter and not merely a participant in the murder, any error would have been harmless beyond a reasonable doubt. At the hearing, the petitioner admitted killing the victim and acknowledged that he was guilty of murder. He conceded that the details provided in his pretrial statement were true. Thus, the petitioner did not suffer prejudice by the omission, even if it was erroneous. In our view, the petitioner was not denied the effective assistance of counsel.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE

-5-