IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 5, 2002

## MICHAEL ANTHONY SCRUGGS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Williamson County**
**No. 801-261     Timothy L. Easter, Judge**

_____

**No. M2002-00875-CCA-R3-PC - Filed March 14, 2003**

_____

The petitioner, Michael Anthony Scruggs, pled guilty to forgery and theft under $500. The trial court ordered concurrent sentences of six years for the forgery and eleven months, twenty-nine days, for the theft. No appeal was taken. Later, the petitioner filed a petition for post-conviction relief alleging ineffective assistance of counsel. After a hearing, the post-conviction court denied relief, finding that the petitioner had failed to prove that his appointed counsel fell below the required level of competency. The judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Stacey M. Brackeen, Franklin, Tennessee, for the appellant, Michael Anthony Scruggs.

Paul G. Summers, Attorney General & Reporter; Braden H. Boucek, Assistant Attorney General; and Sharon Guffee, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On October 9, 2000, the petitioner was indicted for two counts of forgery, Class E felonies, and two counts of theft below $500, Class A misdemeanors. See Tenn. Code Ann. §§ 39-14-103, 39-14-105, 39-14-114. Approximately three months later, the petitioner, as a career offender, entered into a plea agreement which involved pleas of guilt to one count of forgery and one count of theft. The trial court ordered concurrent sentences of six years and eleven months, twenty-nine days, respectively.

At the acceptance hearing, the parties stipulated that the state's proof at trial would have shown that the petitioner cashed a check in the amount of $242.15 at Little's IGA grocery store. The check, which was made payable to Little's and was drawn upon the account of Elizabeth Wood, was

returned with a notation that the account had been closed. Upon investigation, it was determined that the check was one of several which had been stolen from Ms. Wood.

On August 29, 2001, the petitioner filed a pro se petition for post-conviction relief alleging ineffective assistance of trial counsel. After the appointment of counsel, an amended petition was filed alleging that trial counsel was ineffective for failing to file any pre-trial motions, failing to properly advise the petitioner of his rights and possible defenses, failing to properly communicate with the petitioner, failing to investigate and pursue the petitioner's notice of alibi, and failing to advise the petitioner of the sentencing consequences of his prior criminal record.

At the hearing, the petitioner testified that he did not meet with his appointed counsel until the day that his case was set for "review." He claimed that on the same day, "a man named [Ellery] Ferrara," who identified himself as a "state investigator," conveyed the plea offer by the state. The petitioner contended that Ferrara did not advise him of his constitutional rights, discuss the elements of the offenses, or inform him of the possible sentences. He testified that he signed the plea agreement even though trial counsel had not conferred with him about the facts of the case or the terms of the plea agreement. The petitioner claimed that in November of 2000, he had mailed a notice of alibi to the offices of the district attorney and the public defender. He insisted that his trial counsel never made him aware of sentencing enhancements and contended that he did not see the discovery material until after he had pled guilty. He stated that when he learned of the dates in the discovery material, which were different from the May 17 date included in the indictment, he knew that he could not have committed the crimes.

During cross-examination, the petitioner denied having admitted guilt in general sessions court, where he was not represented by counsel. While the petitioner acknowledged that he did not mention his alibi claim to trial counsel, he did maintain that his notice of alibi was in his "record" and that his appointed counsel should have known that. The petitioner denied that his trial counsel had advised him that the cashier who cashed the forged check could identify him.

Ellery Ferrara, an investigator with the district public defender's office, testified that he had presented plea agreement offers to jail inmates awaiting trial on "quite a few occasions." Ferrara, who stated that he typically discussed only the facts of the case with those represented by the public defender, contended that he did not ordinarily advise a defendant of his rights or offer legal advice, as that was the duty of his attorney. He testified that while he may have conveyed the state's plea agreement offer to the petitioner in this case, he had no specific recollection of having done so. Ferrara stated that if the petitioner had notified him of a possible alibi defense, he would have investigated it.

The petitioner's trial counsel, who was appointed to represent the petitioner in November of 2000, testified that he was unable to meet with him prior to his "review date"[1] because he was incarcerated in west Tennessee. He stated that he had never seen the petitioner's notice of alibi, explaining that because the notice was sent prior to his appointment, it would have been returned by his office to the petitioner or the court. Trial counsel did recall reviewing the state's notice of intent regarding enhancement factors and discussing possible sentencing ranges with the petitioner before his plea. He stated that he explained the petitioner's constitutional rights, the elements of the offenses, and the applicable punishments. It was his recollection that the petitioner fully understood them. According to trial counsel, the petitioner did not want to go to trial. Because the cashier who had cashed the check could identify the petitioner, trial counsel did not encourage going to trial. He recalled that the assistant district attorney general who had prosecuted the petitioner in general sessions court had informed him that the petitioner "had basically confessed." While conceding that it was possible that Ellery Ferrara had conveyed the state's plea offer to the petitioner, trial counsel commented that it was unlikely that he had done so. He acknowledged that Ferrara sometimes presented plea agreements to defendants who were in jail, but maintained that it would have been unusual for him to have done so on a review date.

Trial counsel testified that the petitioner had never mentioned the possibility of an alibi defense. It was his opinion that the state's plea agreement offer was beneficial because the petitioner had committed the offenses while on parole for a felony and, had he been convicted of both counts of forgery, faced mandatory consecutive sentencing. Counsel acknowledged that he did not specifically discuss with the petitioner the discrepancy between the date of the offenses listed in the indictment and the dates contained in the state's discovery. He recalled, however, that he had previously noticed the discrepancy and clarified with the assistant district attorney general that the dates in the discovery were incorrect due to a type of clerical error. Trial counsel remembered that in February or March of 2001, he received correspondence from the petitioner, who claimed that his prosecution was barred by the applicable statutes of limitations. Later, he spoke with a member of the petitioner's family and informed him that the prosecution had been timely commenced.

The trial court made the following findings of fact:

1.      The petitioner met with his appointed counsel and counsel's investigator on January 5, 2001, the date his case was set for review; prior to that date the petitioner had been incarcerated in the Department of Correction. Counsel and his investigator advised the petitioner of the charges against him and the petitioner was "well informed of all his rights."

2.      The petitioner alleged that he had an alibi for February 17, 1997, and February 19, 2000, the dates identified in the state's discovery response. The date listed in Counts 1 and 2 of the indictment is May 17, 1997.

_____

[1]This is presumably the date on which the trial court determined whether there would be a plea agreement or whether the case should be set for trial.

-3-

3.  At the acceptance hearing, the trial court clearly explained that the petitioner was pleading guilty to offenses committed on May 17, 1997. That date was also included in the prosecution's rendition of the facts.

4.  The petitioner has failed to demonstrate that trial counsel was deficient for failing to investigate an alibi defense. Neither of the dates for which the petitioner now claims an alibi is the date of the offenses to which the petitioner pled guilty.

5.  The video transcript of the acceptance hearing shows that the petitioner knowingly, intelligently, and voluntarily waived his rights. The trial court questioned the petitioner appropriately and the petitioner answered affirmatively to questions regarding his understanding of the plea agreement. The trial court thoroughly complied with Tennessee Rule of Civil Procedure 11.

6.  The petitioner's allegation that trial counsel did not discuss the state's plea offer with him is not supported by the record. The undisputed evidence is that the petitioner did not want to go to trial.

The post-conviction court held that trial counsel's performance was well within the range of competency demanded of attorneys in criminal cases and that the petitioner had failed to demonstrate prejudice as a result of any claimed deficiencies in the representation.

In a post-conviction proceeding, the petitioner bears the burden of proving his allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). Claims of ineffective assistance of counsel are regarded as mixed questions of law and fact. State v. Honeycutt, 54 S.W.3d 762, 766-67 (Tenn. 2001); State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). On appeal, the findings of fact made by the trial court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. Brooks v. State, 756 S.W.2d 288, 289 (Tenn. Crim. App. 1988). The burden is on the petitioner to show that the evidence preponderated against those findings. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978). The credibility of the witnesses and the weight and value to be afforded their testimony are questions to be resolved by the trial court. Bates v. State, 973 S.W.2d 615 (Tenn. Crim. App. 1997). When reviewing the application of law to those factual findings, however, our review is de novo, and the trial court's conclusions of law are given no presumption of correctness. Fields v. State, 40 S.W.3d 450, 457-58 (Tenn. 2001); see also State v. England, 19 S.W.3d 762, 766 (Tenn. 2000).

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he must first establish that the services rendered or the advice given were below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, he must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693 (1984). Should the petitioner fail to establish either factor, he is not entitled to relief. Our supreme court described the standard of review as follows:

Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the defendant makes an insufficient showing of one component.

Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996). As to guilty pleas, the petitioner must establish a reasonable probability that, but for the errors of his counsel, he would not have entered the plea and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

On claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings. Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Here, the petitioner appears to make two separate arguments: (1) that appointed counsel was ineffective for allowing an investigator to present the state's plea agreement offer to him; and (2) that his guilty pleas were not knowing and voluntary because of appointed counsel's failure to advise him "of how his prior record would affect his sentence." The state contends that the petitioner has failed to satisfy the prejudice prong of Strickland by showing that but for the alleged errors he would not have pled guilty and would have insisted on going to trial.

In our view, the record supports the trial court's denial of relief. Initially, the trial court accredited the testimony of appointed counsel that he had reviewed the state's plea agreement offer with the petitioner. At the acceptance hearing, the petitioner confirmed that he had discussed the plea offer with his counsel, including such matters as his constitutional rights, the elements of the offenses, the applicable ranges of punishment, the state's notice of intent to seek enhanced punishment, and the ramifications of his status as a career offender. The petitioner also testified that his counsel informed him of the content of the plea-related documents and that he understood their terms. That trial counsel's investigator may also have been involved in the discussions does not render counsel's performance deficient. Moreover, the petitioner has failed to allege any prejudice in this regard.

Likewise, the record indicates that trial counsel thoroughly reviewed with the petitioner the effect of his prior convictions. The record supports counsel's claim that he informed the petitioner of the possible punishments for the offenses, including consecutive sentencing because the offenses were committed while the petitioner was on parole for a felony. The record also shows that at the hearing, the petitioner acknowledged that he had reviewed with his counsel the state's enhancement notice, which listed his nine prior felony convictions. He conceded that he had reviewed the applicable sentencing ranges with his counsel and, after the trial court pointed out the possible sentencing terms, offered no questions. The petitioner, who had extensive prior experience with the

criminal justice system, was fully advised of all of his constitutional rights, the elements of the offenses, and the possible ranges of punishment. The record supports the post-conviction court's finding that the pleas were intelligently, knowingly, and voluntarily entered.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE