IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 16, 2005

## TERRENCE A. SAWYERS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2003-I-702      Steve Dozier, Judge**

---

**No. M2004-01116-CCA-R3-PC - March 16, 2005**

---

The petitioner, Terrence A. Sawyers, appeals the denial of his petition for post-conviction relief. The issue presented for review is whether the petitioner was denied the effective assistance of counsel at trial. The judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which DAVID G. HAYES and THOMAS T. WOODALL, JJ., joined.

Michael A. Colavecchio, Nashville, Tennessee, for the appellant, Terrence A. Sawyers.

Paul G. Summers, Attorney General & Reporter; Elizabeth B. Marney, Assistant Attorney General; and Amy H. Eisenbeck, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On June 25, 2003, the petitioner's ex-girlfriend, Laketa Smith, flagged down a police officer and asked for help in obtaining a child's carseat which was in the petitioner's sister's car. She explained to the officer that there were illegal drugs inside the vehicle. The police officer approached the petitioner, who was standing nearby, and asked for his identification. When the petitioner asked permission to leave, the officer answered, "Stay right there." Another officer asked the petitioner for permission to search his sister's vehicle, which, according to the officer, the petitioner granted. A bag containing cocaine was found inside.

The petitioner  was charged with unlawful possession of drug paraphernalia, possession of a gambling device, criminal trespass, and possession of over .5 grams of cocaine with the intent to resell.  Later, the petitioner pled guilty to possession of cocaine with the intent to resell charge and received a six-year sentence as a Range II offender. The petitioner did not pursue a direct appeal of the sentence.

On December 3, 2003, the petitioner filed a pro se petition for post-conviction relief, asserting he was denied effective assistance of counsel at trial. Among other things, the petitioner alleged that his counsel had failed to adequately investigate and failed to adequately communicate in preparation for trial. At the evidentiary hearing, the petitioner testified that he did not admit ownership of the drugs in his sister's car and denied having acknowledged to the officer that he had driven the car to the scene. He claimed that he did not have the keys to the car and maintained that the car contained nothing of a personal or identifying nature. It was his contention that neither he nor his ex-girlfriend ever indicated to the police that he owned the vehicle. The petitioner also contended that his ex-girlfriend's aunt was at the scene of the arrest. He asserted that his trial counsel should have interviewed his ex-girlfriend and other witnesses in the month between his arrest and the guilty plea. The petitioner disavowed ownership of the cocaine and insisted that he had no authority to have consented to a search of the vehicle.

On cross-examination, the petitioner conceded that he had pled guilty to six years as a Range II offender because he "knew the offer was a good deal." He also admitted that he knew that the drugs were in the console of his sister's car and acknowledged that he had driven the car that day. On redirect, the petitioner testified that neither the vehicle nor the drugs were his. He denied that he had given the police permission to search the vehicle because it did not belong to him.

The petitioner's trial counsel, a criminal defense attorney for some twenty-five years, testified that he had known the petitioner for several years and had represented him on prior occasions. He recalled that after the arrest, he met the petitioner at the jail to discuss the charges and to consider possible defenses. Aware that the petitioner was serving eight years of probation at the time of his arrest and that he had failed to maintain regular employment, a condition of the probation, trial counsel expressed concern that the petitioner, if convicted, might face consecutive sentencing. He testified that he met with the district attorney and ultimately recommended that the petitioner accept the State's offer of a six-year sentence rather than risk a longer term. It was trial counsel's opinion that the state made a favorable proposal only because he had arguable defenses to the charges. He pointed out that if the petitioner had not chosen to accept the terms of the proposed plea, he would have filed the motion to suppress the evidence of the drugs.

The post-conviction court denied the petition, concluding that the petitioner failed to prove by clear and convincing evidence that he had specifically asked his trial counsel to interview witnesses. The post-conviction court also determined that trial counsel's decision not to file a motion to suppress qualified as a reasonable strategy after communication with the petitioner. Finally, the post-conviction court found that the petitioner had failed to present any evidence showing prejudice.

In this appeal, the petitioner complains that his trial counsel was ineffective for the following reasons: failing to properly advise him about the state's evidence against him, failing to interview potential witnesses, and failing to explain that he could file a motion to suppress the evidence discovered in the search of the vehicle. In response, the state submits that the post-conviction court did not err by accrediting trial counsel's testimony or by finding that the petitioner failed to carry his burden of showing either deficiency or prejudice.

Under our statutory law, the petitioner bears the burden of proving the allegations in his post-conviction petition by clear and convincing evidence. See Tenn. Code Ann. § 40-30-210(f). Evidence is clear and convincing when there is no serious or substantial doubt about the accuracy of the conclusions drawn from the evidence. Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). Claims of ineffective assistance of counsel are regarded as mixed questions of law and fact. State v. Honeycutt, 54 S.W.3d 762, 766-67 (Tenn. 2001); State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). On appeal, the findings of fact made by the post-conviction court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. Brooks v State, 756 S.W.2d 288, 289 (Tenn. Crim. App. 1988). The burden is on the petitioner to show that the evidence preponderated against those findings. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978). The credibility of the witnesses and the weight and value to be afforded their testimony are questions to be resolved by the trial court. Bates v. State, 973 S.W.2d 615 (Tenn. Crim. App. 1997). When reviewing the application of law to those factual findings, however, our review is de novo, and the trial court's conclusions of law are given no presumption of correctness. Fields v. State, 40 S.W.3d 450, 457-58 (Tenn. 2001); see also State v. England, 19 S.W.3d 762, 766 (Tenn. 2000).

The applicable law is well settled. When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he must first establish that the services rendered or the advice given were below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 534 S.W.2d 930, 936 (Tenn. 1975). Second, he must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693 (1984). Should the petitioner fail to establish either factor, he is not entitled to relief. Our supreme court described the standard of review as follows:

> Because a [petitioner] must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component.

Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996). As to guilty pleas, the petitioner must establish a reasonable probability that, but for the errors of his counsel, he would not have entered the guilty pleas and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

On claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings. Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

In Black v. State, 794 S.W.2d 753 (Tenn Crim. App. 1990), this court enumerated the standard for establishing prejudice by counsel's failure to subpoena witnesses. To establish prejudice, the petitioner must: "(1) produce the witness at his post-conviction hearing; (2) show that through reasonable investigation, trial counsel would have located the witness; and (3) elicit both favorable and material testimony from the witness." Denton v. State, 945 S.W.2d 793, 802-03 (Tenn. Crim. App. 1996) (citing Black, 794 S.W.2d at 757). This standard requires a petitioner to produce the uncalled witness at the post-conviction proceeding so that the court need not speculate as to the materiality of the testimony or credibility of the missing witness. Black, 794 S.W.2d at 758.

In this instance, the petitioner has properly suggested that his counsel had the duty to interview witnesses and otherwise investigate the circumstances of the charges. A motion to suppress may have been in order. Further consultation may have been appropriate. That is not enough, however, to warrant relief. The significant question is whether, but for any deficiencies on the part of his counsel, the petitioner would have pled not guilty and insisted upon a trial.

The petitioner did not produce any other witnesses at the post-conviction hearing. It is his duty to do so in order to establish deficiency on the part of his counsel. The post-conviction court was correct in not speculating as to the materiality of the testimony or credibility of the missing witnesses. The petitioner has not established that the witnesses would have provided favorable testimony and has not demonstrated that he would have insisted on going to trial if his trial counsel had not failed to interview or call witnesses. While trial counsel might have had an arguable basis for a motion to suppress the evidence seized incident to the search, the petitioner has also failed to prove that, if filed, the motion would have been successful. That trial counsel intended to file a suppression motion absent a favorable plea proposal from the state suggests that he exercised reasonable professional judgment.

Further, the petitioner had been represented by trial counsel on prior criminal charges. It appears that he was fully aware of the risks associated with a conviction while he was on probation. A consecutive sentence had to be a concern. The plea agreement provided for a concurrent sentence. Because the petitioner has been unable to show how any neglect, any failure in communication, or any lack of diligence on the part of his trial counsel affected his decision to plead guilty, the judgment of the post-conviction court is affirmed.

GARY R. WADE, PRESIDING JUDGE