IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 22, 2003

## SCOTT DWAYNE MARTIN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamblen County**
**No. 02CR158    James E. Beckner, Judge**

---

**No. E2002-02900-CCA-R3-PC**
**July 24, 2003**

---

The petitioner, Scott Dwayne Martin, appeals from the trial court's denial of post-conviction relief. In this appeal of right, the petitioner contends that because he was denied the effective assistance of counsel, his guilty pleas were neither knowingly nor voluntarily made. The judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON and NORMA MCGEE OGLE, JJ., joined.

Douglas L. Payne, Greeneville, Tennessee, for the appellant, Scott Dwayne Martin.

Paul G. Summers, Attorney General & Reporter; Braden H. Boucek, Assistant Attorney General; and Paige Collins, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On April 25, 2002, the petitioner entered pleas of guilt to manufacturing methamphetamine, a Schedule II controlled substance, and possession of methamphetamine with the intent to sell. The trial court imposed an effective sentence of three years. Less than four months later, the petitioner filed a pro se petition for post-conviction relief, contending that he was denied the effective assistance of counsel and that the evidence seized was acquired pursuant to an unconstitutional search. Counsel was appointed, and the post-conviction court conducted an evidentiary hearing. During the hearing, it was established that the petitioner was arrested in the parking lot of his apartment. Officers, who did not have a warrant, searched the petitioner's residence and found the illegal drugs upon which the convictions were based. Petitioner, who was arrested in the parking lot based upon a violation of his parole for an earlier aggravated robbery offense, testified that he did not give consent to the search and that his girlfriend, Jennifer Vandergriff, who signed the consent form, did not have the authority to do so. At the preliminary hearing on the charges, trial counsel learned that the state was willing to accept guilty pleas in exchange for a three-year prison term. While acknowledging that there was a question about the validity of the search of the residence, trial

counsel learned that Ms. Vandergriff had signed the consent form and that she had a relationship at the time with the petitioner. He also recalled that she was present at the time of the preliminary hearing. According to trial counsel, the petitioner agreed to plead guilty in exchange for a three-year term, which would be served consecutively to the remainder of his earlier aggravated robbery sentence. Two or three weeks later, after the case had been bound over by the general sessions court to the grand jury, the petitioner entered his pleas. In exchange, the state chose not to have a lab determination of the amount of methamphetamine seized by the officers which, according to counsel, could have elevated the charge from a Class C felony to a Class B felony. Also, as a part of the agreement, the state deferred filing additional charges of child endangerment on the basis that a child was present during the illegal drug manufacturing process.

Trial counsel explained that he did not make any effort to reserve a certified question on the validity of the search as a part of the plea agreement. His explanation was that the petitioner was willing to accept the offer rather than risk either more serious or additional charges. Further, it was trial counsel's opinion that because the officers had found the clothing of both Ms. Vandergriff and her child in the apartment, that the consent to permit the search would have been upheld.

Jennifer Vandergriff had a child by the defendant at the time of the offense and had spent the previous night at the petitioner's apartment. At the time of the arrest, Ms. Vandergriff was at the apartment and her child was visiting the residence of the petitioner's mother. She testified that she was only staying there temporarily due to domestic problems with her stepfather. Ms. Vandergriff acknowledged that she had arrived at the apartment with a basket of clothes and other personal items. She claimed that the arresting officers threatened to arrest her unless she signed a consent form and that, in response to their statements, she had explained that she did not live there. It was her contention that they "made [her] sign it anyway." Ms. Vandergriff explained that she became particularly upset when the officers telephoned the Department of Children's Services after finding her daughter's clothing in the apartment. She admitted having told the officers that she had "do[ne] a line" before they got there. Ms. Vandergriff contended that she was under the influence when the officers arrived.

Sergeant Jimmy Mullins of the Hamblen County Sheriff's Department testified that after his arrest, the petitioner initially denied that there was anyone in his apartment. According to the sergeant, he then claimed that the girlfriend of Michael Nix was in the apartment, but that the apartment was not his. Detective Mike Hayes, who was called to the scene by Sergeant Mullins, testified that Ms. Vandergriff claimed to have moved into the apartment the day before and intended to stay there. He identified Ms. Vandergriff's signature on the consent form. It was his recollection that Ms. Vandergriff admitted having taken methamphetamine the night before but had denied any use of drugs on the day of the arrest. He described her as coherent. Detective Hayes stated that Ms. Vandergriff acknowledged that the petitioner had been "cooking meth[amphetamine]" before their arrival. He saw Ms. Vandergriff's clothing at the apartment along with her child's clothing and photographs of her child.

At the conclusion of the hearing, the trial court accredited the testimony of the officers, determined that when Ms. Vandergriff had entered the apartment for the purpose of retrieving her identification, Sergeant Mullins saw a bag of marijuana and many of the ingredients required to manufacture methamphetamine just inside the door. It determined that although Ms. Vandergriff had given a valid consent to the search, there were other reasons to justify a warrantless search as well. The post-conviction court concluded that the petitioner, who was well acquainted with the criminal justice system, was eager to accept the proposal of the state under the entirety of the circumstances, especially because the amount of the drugs, if tested, could have increased substantially the term of years he would be required to serve in prison.

In this appeal, the petitioner argues that the trial court erred by holding that he had the effective assistance of counsel. He particularly complains that the recommendations of his trial counsel were without the benefit of adequate preparation. The petitioner insists that he had a viable constitutional argument for suppression of the evidence discovered after Ms. Vandergriff signed the consent form.

In a post-conviction proceeding, the petitioner bears the burden of proving his allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). Claims of ineffective assistance of counsel are regarded as mixed questions of law and fact. State v. Honeycutt, 54 S.W.3d 762, 766-67 (Tenn. 2001); State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). On appeal, the findings of fact made by the trial court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. Brooks v. State, 756 S.W.2d 288, 289 (Tenn. Crim. App. 1988). The burden is on the petitioner to show that the evidence preponderated against those findings. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978). The credibility of the witnesses and the weight and value to be afforded their testimony are questions to be resolved by the trial court. Bates v. State, 973 S.W.2d 615 (Tenn. Crim. App. 1997). When reviewing the application of law to those factual findings, however, our review is de novo, and the trial court's conclusions of law are given no presumption of correctness. Fields v. State, 40 S.W.3d 450, 457-58 (Tenn. 2001); see also State v. England, 19 S.W.3d 762, 766 (Tenn. 2000).

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he must first establish that the services rendered or the advice given were below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, he must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693 (1984). Should the petitioner fail to establish either factor, he is not entitled to relief. Our supreme court described the standard of review as follows:

> Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the defendant makes an insufficient showing of one component.

Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996). As to guilty pleas, the petitioner must establish a reasonable probability that, but for the errors of his counsel, he would not have entered the plea and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 88 L. Ed. 2d 203, 106 S. Ct. 366 (1985).

In our view, the petitioner has not established an entitlement to relief. Initially, the petitioner has not established that the search was invalid. While a warrantless search is generally presumed to be unreasonable, there are several well recognized exceptions. State v. Bartram, 925 S.W.2d 227, 229-30 (Tenn. 1996). One of those exceptions is when there has been a consent to the search. In McGee v. State, 2 Tenn. Crim. App. 100, 451 S.W.2d 709, 712 (1969), this court ruled that "[p]ersons having equal rights to use or occupation of the premises may [give] consent to a search" that is binding upon the other occupants. In United States v. Matlock, 415 U.S. 164, 171 (1974), the Supreme Court ruled that "the consent of one who possesses common authority over premises or effects is valid as against the absent, nonconsenting person with whom that authority is shared." In Minnesota v. Olsen, 495 U.S. 91, 98 (1990), the Supreme Court observed that an overnight guest has a legitimate expectation of privacy in the premises and may also consent to a search.

In this instance, Ms. Vandergriff had at least temporarily moved into the residence of the petitioner, having stayed the night before and intending to stay for an indefinite period of time. She had clothes in the apartment, the clothing of her child was in the apartment, and there were photographs of the child displayed.

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings. Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). In this instance, the state appears to have made an offer at the preliminary hearing level far more lenient than would have been available after a grand jury indictment, a drug analysis for weight and content, and further investigation. The petitioner, who had more than a passing acquaintance with the criminal justice system, was willing to short-circuit the process in order to limit his exposure to a three-year sentence. His choice appears to have been reasonable under the circumstances, even with the knowledge that the charges might have been dismissed had he been successful with a motion to suppress.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE