IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 10, 2003

## ROBERT L. DREW v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 95-D-2559     Steve Dozier, Judge**

_____

**No. M2003-00593-CCA-R3-CD - Filed June 1, 2004**

_____

The petitioner, Robert L. Drew, appeals the denial of his petition for post-conviction relief. The issue is whether he was denied the effective assistance of counsel. The judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which DAVID H. WELLES and DAVID G. HAYES, JJ., joined.

Dwight E. Scott, Nashville, Tennessee, for the appellant, Robert L. Drew.

Paul G. Summers, Attorney General & Reporter; Kim R. Helper, Assistant Attorney General; and Doug Thurman, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In November 1998, the petitioner was convicted of theft over $1000 and sentenced as a career offender to twelve years in the Department of Correction. This court affirmed on direct appeal. State v. Robert L. Drew, No. M2000-01853-CCA-R3-CD (Tenn. Crim. App., at Nashville, Sept. 7, 2001). The conviction relates to the robbery of Lavert's Market in Nashville. While waiting on a customer, the store clerk opened the cash register drawer. The petitioner, who had been standing in line behind the customer, reached into the drawer, grabbed "a hand full of twenty-dollar bills," and ran. Id., slip op. at 2. The clerk chased the petitioner into a nearby field, where he was discovered by police two hours later. He had $260 dollars in twenty-dollar bills in his left front pocket. Id. The petitioner had walked off of a prison work detail shortly before the commission of the crime.

In this appeal, the petitioner asserts that his trial counsel was ineffective by failing to adequately investigate the case. He claims that trial counsel should have interviewed witnesses to substantiate his claim that he had earned the $260 while in prison by shining shoes. The petitioner

also contends that trial counsel should have objected to the testimony of the store clerk and store owner regarding the amount of cash taken because it was based upon inadmissible hearsay.

Trial counsel, who had been practicing law for twenty-three years at the time of the petitioner's trial, testified that another attorney had filed a motion to suppress the lineup identification and had represented the petitioner at the hearing on that motion. Trial counsel recalled that after he undertook representation of the petitioner, he contested the propriety of the lineup on appeal and that this court, while determining that the lineup was unduly suggestive, found the error harmless. The theory of the defense was that the petitioner had been misidentified as the perpetrator. According to trial counsel, he cross-examined the state's witnesses extensively regarding inconsistencies in the descriptions provided to police and their ultimate identification of the petitioner as the perpetrator. He also pointed out that a major focus of his defense was that the amount of money discovered in the petitioner's pocket did not match the amount of money taken from the market. Although he did not personally interview each of the state's witnesses, trial counsel testified that he had the files of the petitioner's first and second attorneys and the transcript of the suppression hearing. He recalled that each of the eyewitnesses and the investigating officer had testified at the suppression hearing and that their testimony was essentially the same as that they later provided at trial.

In an attempt to verify the petitioner's claim that he had earned the money found in his pocket by shining shoes, trial counsel interviewed two employees of the Department of Correction, both of whom informed him that inmates were prohibited from carrying such sums of cash. Trial counsel did acknowledge, however, that he was not personally familiar with the policy regarding inmates' possession of cash at the institution where the petitioner was incarcerated prior to the offense.

The petitioner testified at the evidentiary hearing that he was employed during his incarceration and that he was paid $140 per month. He claimed that he had earned the $260 recovered from his pocket through his prison employment and by shining shoes at the prison. The petitioner admitted, however, that inmates were permitted to carry no more than $110 in cash.

The post-conviction court accredited the testimony of trial counsel that the file from the petitioner's previous attorneys and the transcripts from the suppression hearing qualified as adequate preparation. The court concluded that trial counsel had met with the petitioner at least forty times, discussing all potential defenses, and observed that even though the petitioner contended that his trial counsel should have called other witnesses to substantiate his claims regarding the $260 in his possession at the time of his arrest, those witnesses were not made available at the evidentiary hearing. The post-conviction court ultimately determined that trial counsel's performance met constitutional guidelines.

Under our statutory law, the petitioner bears the burden of proving the allegations in his post-conviction petition by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f) (2003). Evidence is clear and convincing when there is no serious or substantial doubt about the accuracy of the conclusions drawn from the evidence. Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). On appeal, the findings of fact made by the post-conviction court are conclusive and will not

be disturbed unless the evidence contained in the record preponderates against them. Brooks v. State, 756 S.W.2d 288, 289 (Tenn. Crim. App. 1988). The burden is on the petitioner to show that the evidence preponderated against those findings. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978). The credibility of the witnesses and the weight and value to be afforded their testimony are questions to be resolved by the post-conviction court. Bates v. State, 973 S.W.2d 615 (Tenn. Crim. App. 1997).

Claims of ineffective assistance of counsel are regarded as mixed questions of law and fact. State v. Honeycutt, 54 S.W.3d 762, 766-67 (Tenn. 2001); State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). When reviewing the application of law to the post-conviction court's factual findings, our review is de novo, and the post-conviction court's conclusions of law are given no presumption of correctness. Fields v. State, 40 S.W.3d 450, 457-58 (Tenn. 2001); see also State v. England, 19 S.W.3d 762, 766 (Tenn. 2000).

A petitioner seeking post-conviction relief on the basis of ineffective assistance of counsel, must first establish that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, he must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693 (1984). Should the petitioner fail to establish either factor, he is not entitled to relief. Our supreme court described the standard of review as follows:

> Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the petitioner makes an insufficient showing of one component.

Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996).

On claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings. Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Here, trial counsel testified that he did not believe that it was necessary to interview the state's witnesses because he had the benefit of their testimony from the suppression hearing. As part of his preparation, he interviewed Department of Correction employees regarding the policy on inmates carrying large sums of cash. The petitioner failed to present witnesses at the evidentiary hearing to corroborate his claim that inmates were permitted to carry up to $110 in cash. Moreover, while trial counsel did not question Department of Correction officials regarding the petitioner's work in the prison, neither his employment status nor the policy regarding the possession of cash by

inmates would have explained the petitioner's possession of $260 at the time of his arrest. This amount is considerably more than he claimed to have earned each month and more than he was permitted, even by his own assertions, to possess during his incarceration. The post-conviction court specifically accredited the testimony of trial counsel regarding his investigation of the case. Under these circumstances, it is our view that the petitioner is not entitled to relief.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE