IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 18, 2004

## THOMAS JEFFREY PERKEY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Sullivan County**
**No. C47-406     Phyllis H. Miler, Judge**

_____

### No. E2003-02370-CCA-R3-PC - Filed July 12, 2004

_____

The petitioner, Thomas Jeffrey Perkey, appeals from the denial of his petition for post-conviction relief. The single issue presented for review is whether the petitioner was denied the effective assistance of counsel at trial. The judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOE G. RILEY and ALAN E. GLENN, JJ., joined.

Nat H. Thomas, Kingsport, Tennessee, for the appellant, Thomas Jeffrey Perkey.

Paul G. Summers, Attorney General & Reporter; Elizabeth B. Marney, Assistant Attorney General; and Teresa Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On March 7, 2001, the petitioner was convicted of aggravated assault, a Class C felony. See Tenn. Code Ann. § 39-13-102. Trial counsel withdrew before the sentencing hearing and the petitioner's current counsel represented the petitioner at sentencing, at the hearing on the motion for new trial, and on direct appeal. The trial court imposed a Range II sentence of ten years and ordered service in the Department of Correction. The sentence was ordered to be served consecutively to a prior sentence for which the petitioner was on parole. The record establishes that the petitioner, after an evening of drinking and marijuana use, stabbed the victim as the result of a quarrel. There were three eyewitnesses. This court affirmed, concluding that the evidence was sufficient and that any inconsistencies in the testimony had been resolved favorably to the state by the jury verdict. State v. Thomas Perkey, No. E2001-02241-CCA-R3-CD (Tenn. Crim. App., at Knoxville, Oct. 18, 2002). There was no application for permission to appeal to the supreme court.

On February 4, 2003, the petitioner filed a petition for post-conviction relief, alleging that his trial counsel was ineffective by failing to adequately investigate and failing to file appropriate motions. Current counsel was re-appointed to represent the petitioner and an amendment was filed alleging that trial counsel had failed to adequately explain the state's offer to plea bargain, had failed to discuss with the petitioner possible defenses, possible trial strategies, or the potential range of punishment upon conviction.

At the evidentiary hearing, the thirty-seven-year-old petitioner testified that he was on parole for voluntary manslaughter at the time he was charged with aggravated assault. He complained that his trial counsel had filed no pre-trial motions, had not discussed with him the content of the indictment, and had failed to explain the elements of the offense. He also contended that his trial counsel failed to discuss possible defenses and did not disclose the potential range of punishment. The petitioner also testified that his trial counsel had failed to call Thomas Edwards, who would have testified that the petitioner did not have possession of the knife which was alleged to have been the assault weapon, as a defense witness. Edwards, the petitioner contended, would have testified that he had sold the knife to the victim's brother, Michael Amix. He complained that his trial counsel had failed to investigate the case at all and had only met with him for ten to fifteen minutes on the evening before the trial. The petitioner testified that he had accepted a plea offer proposed by the state which, without explanation, had been withdrawn immediately prior to trial.

The petitioner explained that he wanted to testify in his own defense but that trial counsel advised otherwise. He also contended that trial counsel candidly admitted that he would "take it easy" on state witnesses due to their ages. The petitioner insisted that there were discrepancies between the witnesses' testimony at the preliminary hearing and the trial.

During cross-examination by the state, the petitioner acknowledged that he had a copy of the indictment as well as copies of the statements made by each of the witnesses for the state. He conceded that he was aware of the difference between a concurrent and a consecutive sentence. He claimed that he did not understand, however, why the trial court rejected the plea agreement calling for concurrent sentencing with his prior conviction. The petitioner admitted that he had been advised that a sentence of aggravated assault had to be served consecutively to his prior sentence. The petitioner acknowledged that one of the witnesses testified that he had seen the knife used in the assault in the possession of the victim's brother, who had testified that he had purchased the knife from the petitioner's nephew. The petitioner also conceded that his trial counsel had established during the course of the trial that so many people had handled the knife that fingerprinting would not have been helpful to the defense or the state.

Trial counsel testified that he had filed a motion to discover the evidence in the possession of the state and that the state had cooperated with his investigation. He stated that his defense strategy was to establish that the knife used in the assault did not belong to the petitioner and instead was owned by the victim's brother. Trial counsel explained that he chose to avoid a harsh cross-examination of the state's witnesses due to their youth. Trial counsel pointed out that he had subpoenaed Thomas Edwards as a defense witness, but did not call him to testify at trial because

both the victim and the victim's brother admitted that the knife had been purchased from Edwards. He acknowledged that the petitioner expressed a lack of confidence immediately after the return of the guilty verdict. It was trial counsel's recollection that each of the state witnesses admitted to drinking or using marijuana at the time of the offense. He conceded that he recommended the petitioner not testify.

On September 9, 2003, the post-conviction court filed a detailed order summarizing the evidence, identifying the applicable law, and making findings of fact. Included among the court's findings was that the petitioner, on parole for a fifteen-year sentence at the time of the aggravated assault charge, had other prior convictions for grand larceny, theft over $500, and felony escape. The post-conviction court found that the petitioner had signed a document establishing his receipt of the copy of the indictment and that trial counsel had, through motions, successfully acquired pre-trial discovery and a copy of the preliminary hearing transcript. The post-conviction court concluded that the petitioner had several meetings with his trial counsel, including between four and six court appearances. It determined that it was unnecessary for Thomas Edwards to be called as a defense witness because the victim had acknowledged at trial that he had seen his brother in possession of the knife. The post-conviction court accredited trial counsel's assertion that Edwards was to be presented as a defense witness only if the victim or his brother had denied ownership or prior possession of the assault weapon. The post-conviction court also determined that fingerprinting of the knife would have been fruitless, that the petitioner had been questioned during the course of the trial as to whether he had voluntarily relinquished his right to testify, and that trial counsel was fully prepared for trial. The post-conviction court further concluded that trial counsel had in fact advised the petitioner of the possible range of punishment and had made a reasonable tactical decision regarding the cross-examination of the state witnesses in view of their admission that they had been drinking and using marijuana immediately prior to the offense.

The post-conviction court also ruled that while the state had made a plea offer which was acceptable to the petitioner, it was not approved by the court because it provided that the aggravated assault conviction would be served concurrently to the existing sentence for voluntary manslaughter. The post-conviction court specifically accredited the testimony of trial counsel and rejected the testimony of the petitioner as "completely untrue."

In this appeal, the petitioner insists that trial counsel was ineffective for having failed to adequately communicate with him, vigorously cross-examine the state witnesses, and request fingerprinting of the assault weapon. The petitioner also argues that Thomas Edwards should have been called as a defense witness.

Under our statutory law, the petitioner bears the burden of proving the allegations in his post-conviction petition by clear and convincing evidence. See Tenn. Code Ann. § 40-30-210(f) (1997).[1] Evidence is clear and convincing when there is no serious or substantial doubt about the accuracy

---

[1] In 2003, the Post-Conviction Procedure Act was renumbered within the Code. It now appears at sections 40-30-101 through 40-30-122.

of the conclusions drawn from the evidence. Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). On appeal, the findings of fact made by the post-conviction court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. Brooks v. State, 756 S.W.2d 288, 289 (Tenn. Crim. App. 1988). The burden is on the petitioner to show that the evidence preponderated against those findings. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978). The credibility of the witnesses and the weight and value to be afforded their testimony are questions to be resolved by the post-conviction court. Bates v. State, 973 S.W.2d 615 (Tenn. Crim. App. 1997).

Claims of ineffective assistance of counsel are regarded as mixed questions of law and fact. State v. Honeycutt, 54 S.W.3d 762, 766-67 (Tenn. 2001); State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). When reviewing the application of law to the post-conviction court's factual findings, our review is de novo, and the post-conviction court's conclusions of law are given no presumption of correctness. Fields v. State, 40 S.W.3d 450, 457-58 (Tenn. 2001); see also State v. England, 19 S.W.3d 762, 766 (Tenn. 2000).

A petitioner seeking post-conviction relief on the basis of ineffective assistance of counsel must first establish that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, he must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693 (1984). Should the petitioner fail to establish either factor, he is not entitled to relief. Our supreme court described the standard of review as follows:

> Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the defendant makes an insufficient showing of one component.

On claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings. Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

The post-conviction judge saw and heard the testimony of the petitioner and of trial counsel and specifically accredited the testimony of trial counsel. The contents of the record on appeal do not preponderate against the findings of the post-conviction court. Moreover, the petitioner failed to call Edwards as a witness, thereby failing to establish how his testimony might have made a difference in the result of the trial. Finally, the petitioner has been unable to demonstrate how any further communication with his trial counsel, additional preparations for trial, or specific pre-trial motions would have resulted in a reasonable probability of a different outcome at the trial.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE