IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs June 6, 2006

## ROBIN DAVIS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-27660     W. Otis Higgs, Jr., Judge**

_____

**No. W2005-02212-CCA-R3-PC  - Filed June 28, 2006**

_____

The petitioner, Robin Davis, appeals the denial of his petition for post-conviction relief.  In this appeal, he asserts that he was denied the effective assistance of counsel at trial.  The judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which DAVID H. WELLES and J.C. MCLIN, JJ., joined.

Juni S. Ganguli, Memphis, Tennessee, for the appellant, Robin Davis.

Paul G. Summers, Attorney General & Reporter; Blind Akrawi, Assistant Attorney General; William L. Gibbons, District Attorney General; and Paul Thomas Hoover, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In January of 2000, the petitioner was convicted of first degree premeditated murder and theft over $1000.  The trial court imposed an effective sentence of life plus two years in the Department of Correction.  This court affirmed on direct appeal.  See State v. Robin Davis, No. W2000-03137-CCA-R3-CD (Tenn. Crim. App., at Jackson, Mar. 25, 2002).  An application for permission to appeal to our supreme court was denied in October of 2002.

The petitioner then filed a timely petition for post-conviction relief alleging that he was denied the effective assistance of counsel at trial.  He specifically asserted that his trial counsel was ineffective by failing to adequately prepare for trial; by failing to timely secure all discovery materials from the state; by failing to conduct an adequate pretrial investigation; by failing to properly advise the petitioner of the results of the pretrial investigation; by failing to adequately prepare for voir dire; by failing to effectively cross-examine state witnesses; by failing to object to

leading questions by the prosecutor; by failing to adequately communicate prior to trial; and by failing to adequately advise him of the right to remain silent.

On direct appeal of the convictions, this court summarized the relevant facts:

On the morning of May 16, 1998, the victim and his wife were awakened by the sound of the engine starting in their pickup truck. Looking out the balcony of their bedroom, they saw the defendant sitting in the driver's seat, backing the truck out of their driveway. When the victim yelled, the defendant got out of the truck and ran. Telling his wife to stay inside, the victim took off in pursuit, driving the couple's Toyota Corolla and taking his pistol with him. Soon thereafter, neighbors heard gunshots and discovered the victim on the ground beside the open driver's door of his car, dying from a gunshot wound to the chest. The defendant admitted in a statement to police that he had shot the victim, but claimed that it was only after the victim had first tried to rob and shoot him.

Id., slip op. at 2.

At the evidentiary hearing on the petition for post-conviction relief, trial counsel testified that although the case had generated some publicity, he did not believe that a change of venue or the filing of jury questionnaires was necessary. Trial counsel stated that he met with the petitioner, who was incarcerated, "[a]s many times as was necessary for trial preparation. . . . [A]t least a dozen [times], maybe more." Trial counsel insisted that he was adequately prepared "based on [his] investigation of the case, going to the scene, talking to the witnesses, talking to [the petitioner], [and] reviewing the state's file." He explained that he did not file a motion to suppress the pretrial identification of the petitioner because "identification was not [the petitioner's] defense. His defense was somewhat of a self-defense." Trial counsel described his relationship with the petitioner as "cordial." He asserted that he made a thorough investigation but was unable to locate any witnesses to support the petitioner's version of the offense.

The petitioner testified that his trial counsel met with him only three times prior to the trial and that each visit lasted less than thirty minutes. He claimed that he asked to meet with trial counsel on other occasions but received no response. The petitioner admitted that trial counsel had advised him that the penalty for first degree murder was life imprisonment and that such a sentence would require the service of at least fifty-one years. He also acknowledged that trial counsel had communicated a plea offer from the state which involved a sentence of twenty-five years in exchange for a plea of guilty to second degree murder. The petitioner conceded that he actively participated in his defense and that trial counsel "[s]ometimes" listened to his suggestions and "[s]ometimes he would go along with what he had planned."

During cross-examination by the state, the petitioner acknowledged that in addition to the three face-to-face meetings with his trial counsel, he had communicated with trial counsel by telephone on several occasions. He also admitted that he met with trial counsel during his pretrial

court appearances. The petitioner conceded that trial counsel had provided him with all of the discovery materials that he had received from the state.

The post-conviction court denied relief, ruling that the petitioner did not receive the ineffective assistance of counsel. The court concluded that "[w]ith no proof given that there was significant pre-trial publicity to overcome [t]rial [c]ounsel's contention that the decision was a trial strategy, the [p]etitioner has clearly failed to prove by clear and convincing evidence that [t]rial [c]ounsel's failure to move for a change in venue" resulted in prejudice. With regard to the petitioner's claim that trial counsel failed to secure discovery materials in a timely manner, the post-conviction court accredited the testimony of trial counsel that he was permitted to inspect the state's file and copy any relevant material. As to the petitioner's claim that trial counsel failed to adequately investigate the case, the post-conviction court accredited the testimony of trial counsel that he conducted a thorough investigation prior to the trial and concluded that the petitioner had failed to establish his claim by clear and convincing evidence. The post-conviction court also determined that petitioner had not met his burden of proof on his claim that trial counsel did not adequately advise or consult with him as to the results of the pretrial investigation. With regard to the petitioner's claim that trial counsel failed to adequately prepare for voir dire, the post-conviction court ruled that the petitioner "presented no evidence in regards to this allegation, thus the matter will not be addressed." The court accredited trial counsel's testimony that he did not attempt to introduce into evidence the crime scene reports because they would have been inadmissible hearsay. It also determined that trial counsel had adequately cross-examined the officers who prepared the reports. The post-conviction court concluded that trial counsel's decision not to object to leading questions by the prosecutor qualified as trial strategy and that trial counsel had adequately consulted with the petitioner as to the plea offer, the potential sentence should he be convicted at trial, and his "chances of winning at trial." Finally, the post-conviction court accredited trial counsel's testimony that he had advised the petitioner of both his right to remain silent and his corresponding right to testify in his own behalf.

In this appeal, the petitioner asserts that his trial counsel was ineffective by failing to meet with him a sufficient number of times prior to trial; by failing to employ the services of an investigator; by failing to file jury questionnaires; and by failing to prepare the petitioner to testify.

Under our statutory law, the petitioner bears the burden of proving the allegations in his post-conviction petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f) (2003). Evidence is clear and convincing when there is no serious or substantial doubt about the accuracy of the conclusions drawn from the evidence. Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). On appeal, the findings of fact made by the trial court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. Brooks v. State, 756 S.W.2d 288, 289 (Tenn. Crim. App. 1988). The burden is on the petitioner to show that the evidence preponderated against those findings. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978).

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he must first establish that the services rendered or the advice given were below "the range

of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, he must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693 (1984). The error must be so serious as to render an unreliable result. Id. at 687. It is not necessary, however, that absent the deficiency, the trial would have resulted in an acquittal. Id. at 695. Should the petitioner fail to establish either factor, he is not entitled to relief. Our supreme court described the standard of review as follows:

> Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the defendant makes an insufficient showing of one component.

Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996).

On claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings. Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Claims of ineffective assistance of counsel are regarded as mixed questions of law and fact. State v. Honeycutt, 54 S.W.3d 762, 766-67 (Tenn. 2001); State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). When reviewing the application of law to the post-conviction court's factual findings, our review is de novo, and the post-conviction court's conclusions of law are given no presumption of correctness. Fields v. State, 40 S.W.3d 450, 457-58 (Tenn. 2001); see also State v. England, 19 S.W.3d 762, 766 (Tenn. 2000).

While trial counsel in this case testified that he did not remember the actual number of times he met with the petitioner prior to trial, he estimated the number at "at least a dozen" and insisted that he was adequately prepared. The post-conviction court accredited this testimony. Moreover, the petitioner has given no reasons why more meetings with trial counsel would have resulted in a different outcome at trial. The petitioner is not entitled to relief on this issue.

As to his next claim, there was simply insufficient proof offered by the petitioner during the evidentiary hearing that trial counsel was ineffective by failing to file jury questionnaires in preparation for voir dire. It was trial counsel's opinion that although the case had generated some publicity, he did not feel that it was necessary to file jury questionnaires. Typically, this choice would qualify as a tactical decision. More importantly, however, there was no evidence that the filing of jury questionnaires might have garnered a different verdict.

The petitioner also claims that his trial counsel was ineffective by failing to employ the services of an investigator but has not demonstrated what facts or which witnesses were overlooked during the pretrial investigation. The post-conviction court accredited the testimony of trial counsel that he had studied the crime scene and canvassed the area in an attempt to locate helpful witnesses. In our view, the evidence does not preponderate against the findings of the post-conviction court as to this issue.

Finally, the petitioner asserts that his trial counsel was ineffective by failing to adequately prepare him to testify in his own defense. Trial counsel contended that he advised the petitioner of his right to testify at trial and warned him of questions that would be asked on direct examination and those he anticipated would be asked on cross-examination. Trial counsel stated that he and the petitioner practiced a "mock" direct examination. The record establishes that the petitioner chose not to testify at trial. Further, trial counsel questioned the petitioner outside the presence of the jury regarding his decision to maintain silence. Under these circumstances, it is our view that the petitioner has failed to establish this claim by clear and convincing evidence.

Accordingly, the judgment of the post-conviction court is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE